**In re Charles M. DREWETT, Debtor.**

**Frederick L. REIGLE, Trustee, Plaintiff,**

v.

**Charles M. DREWETT, Defendant.**

Bankruptcy No. 80–02298 T.
Adv. No. 81–1696.

United States Bankruptcy Court,
E.D. Pennsylvania.

Nov. 8, 1983.

Frederick L. Reigle, Reading, Pa., for plaintiff.

Ellis Brodstein, Reading, Pa., for defendant.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In this adversary proceeding, the plaintiff/trustee has filed a Complaint To Recover Property against Charles M. Drewett, who is the debtor in a Chapter 7 bankruptcy case. The trustee's Complaint essentially alleges that the debtor was the owner of a diamond as of September 16, 1980, the date that the debtor filed his voluntary Chapter 7 bankruptcy petition, but that the debtor has wrongfully refused to admit his ownership of the diamond at that time. The Complaint requests that the debtor be ordered to surrender possession of the dia-

mond to the trustee on the basis that the diamond is property of the debtor's bankruptcy estate under section 541(a) of the Bankruptcy Code, 11 U.S.C. § 541(a). However, for the reasons hereinafter given, we shall dismiss the Complaint because the debtor had made a valid gift of the diamond to his fiancee more than nineteen months before he filed his bankruptcy petition.[1]

## I. FACTS

Prior to 1979, the debtor purchased for his own use a diamond ring for $1,500.,00. The ring consisted of a diamond of slightly more than one carat and a man's band and setting. On February 6, 1979, the debtor married Marsha Toole Drewett. On February 3, 1979, the debtor told his future wife that the diamond was hers and she accepted it. However, they agreed that he would continue to wear the ring until, sometime after their marriage, they could afford to have it converted to a woman's band and setting, whereupon Mrs. Drewett would wear it as an engagement ring.

The debtor filed his voluntary Chapter 7 bankruptcy petition on September 16, 1980. As of that date, he was still wearing the diamond ring, but did not list it as his property in his bankruptcy schedules. In approximately late October, 1980, due to marital problems, Mrs. Drewett left the debtor and took the diamond ring with her. In approximately mid-January, 1981, she had the ring converted to a woman's band and setting, and began wearing it. In late January, 1981, Mr. and Mrs. Drewett resumed living together and have lived together ever since. Also, Mrs. Drewett has worn the converted diamond ring as an engagement ring from mid-January, 1981 to the present. The trustee's aforementioned Complaint To Recover Property was filed on November 20, 1981.

## II. DISCUSSION

■ The issue in this case is whether or not the debtor, according to Pennsylvania

---

1. This Memorandum Opinion constitutes the findings of fact and conclusions of law as required by Bankruptcy Rule 7052.

law [2], owned the diamond in question as of September 16, 1980, the date that he filed his bankruptcy petition. This issue turns on the question of whether or not the debtor, according to Pennsylvania law, made a valid gift of the diamond to his fiancee on February 3, 1979.

In Pennsylvania, the two elements of a valid inter vivos gift are (1) a present intention to make a gift, and (2) an actual or constructive delivery to the donee by which the donor releases all dominion over the property in question and invests the donee with full title to and control over it. *Watkins v. MacPherson,* 348 Pa. 467, 35 A.2d 256 (1944); *Pyewell's Estate,* 334 Pa. 154, 5 A.2d 123 (1939).

The trustee contends that the purported gift of the diamond in question was invalid as of the debtor's September 16, 1980 bankruptcy filing because there had been no delivery of the diamond by the debtor to Mrs. Drewett as of that time. His contention is based upon the fact that the debtor continued to wear the diamond until sometime after September 16, 1980. The trustee argues that this fact shows that the debtor had not made an effective delivery of the diamond by transferring his dominion over it to Mrs. Drewett by the time of his bankruptcy filing.

According to Pennsylvania case law, however, the donor's retention of actual physical possession of personal property is not necessarily sufficient to negate delivery of the personal property as a gift. For example, in *Pyewell's Estate, supra,* one of the issues was whether or not the decedent had made a valid inter vivos gift of some of her jewelry to her niece. The decedent had retained possession of and had worn some of the jewelry in question after the alleged gift was made. However, the Pennsylvania Supreme Court held that there was, nevertheless, an effective delivery and a valid gift of the jewelry in question. The Court stated at 334 Pa. 160, 5 A.2d 123:

Likewise, the subsequent wearing of some of the jewelry by Mrs. Pyewell with the consent of appellant is of consequence, since once the transaction is completed it is not necessary that the donee retain the property in her possession: 28 C.J. 641.

In *In re Donaldson,* 59 Dauphin County Reports 229 (1948), the issue also involved the validity of a gift of jewelry. Shortly before his death, the decedent had made an alleged gift of a case of jewels to his foster daughter while she was visiting him. However, because the alleged donee and her child were going home by train, the decedent told her that he would keep the jewels until he could take them to her at her home. But he did not see her again before his death, and had the jewels in his home when he died. Nevertheless, the Court held that a valid gift of the jewels had occurred. The Court stated at 59 Dauphin County Reports 231–32 that:

> ... what happens after a completed gift is made has no bearing on the gift itself. In 38 C.J.S. pages 806, 807, it is stated:
>> 'It is not necessary that the donee shall retain the property in his possession after delivery to him. If a gift has been fully executed, the title having passed by words of gift accompanied by delivery of possession, the return of the property by the donee to the donor for a purpose not inconsistent with the continued ownership of the donee will not render the executed gift invalid. The donee may also lend the subject of the gift to the donor, or deliver it to him as his agent or bailee, without affecting the validity of the gift.'

Also see *Elstrodt's Estate,* 122 Pa.Super. 131, 186 A. 318 (1936).

In the present case, we find that the debtor had the requisite present intention to make a gift of the diamond to his fiancee on February 3, 1979. We also find, based upon the above-cited authorities, that he made an effective delivery of the diamond

---

**2.** It is very clear that state law determines the nature and extent of a debtor's interest in property as of the commencement of a bankruptcy case. See *Butner v. U.S.,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *In re Hackett,* 23 B.R. 710 (Bkrtcy.E.D.Pa.1982).

to his fiancee on that date, despite the fact that he retained physical possession of the diamond for some time thereafter. His retention of such physical possession for a time was agreed upon by both the debtor and his fiancee and, under the circumstances of this case, was not inconsistent with her continued ownership of the diamond from February 3, 1979 onward.

Therefore, the ownership of the diamond having vested in his fiancee on February 3, 1979, the debtor was not the owner of the diamond as of September 16, 1980, the date of his bankruptcy filing, and the trustee's Complaint to Recover Property shall be dismissed.