**In re James A. RYDER, Sr., Debtor.**

**Gui L.P. GOVAERT, Trustee, Plaintiff,**

**v.**

**James A. RYDER, Sr., Olive Ryder, Defendants.**

**Bankruptcy No. 86–00028–BKC–SMW. Adv. No. 87–0256–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

Oct. 2, 1987.

Joel M. Aresty, Kelley Drye & Warren, Smathers & Thompson, Miami, Fla., for Olive Ryder.

Patricia Redmond, Miami, Fla., for trustee.

Robert Venney, Miami, Fla., for debtor.

## FINDINGS OF. FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on before the Court on the 1st day of September, 1987 upon the Complaint of Gui L.P. Govaert, Trustee for declaratory relief pursuant to Rule 7001(9), to determine validity, priority or extent of an interest pursuant to § 541 of the Bankruptcy Code and for turnover under § 542 of the Bankruptcy Code, the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

Defendants, Ryder ("debtor") and Ryder ("co-defendant") were divorced by Final Judgment of Dissolution of Marriage entered August 23, 1974, in the Circuit Court in and for Dade County, Florida and duly recorded in the public records thereof. The Final Judgment incorporated by reference an agreement between the parties regarding certain household furnishings which were the subject matter of the trustee's complaint. The agreement incorporated into the Judgment gave that property consisting of household furnishings from a Maine residence to the co-defendant. A number of years later the Maine residence was sold, and the co-defendant loaned the said personal property to the debtor, her ex-husband for use in his home in Miami.

On January 6, 1986, the debtor filed a voluntary Chapter 11 petition with this Court which was subsequently converted to a proceeding under Chapter 7 on January 16, 1987. It appears that during the course of both the reorganization, and liquidation phases of the case, the debtor remained in possession of the furnishings in question.

In an effort to recover assets for the estate, the trustee filed the above entitled adversary proceeding. In this cause of action, the trustee seeks an order requiring the defendants to turn over to the estate certain antique furniture and furnishings in the possession of the debtor but allegedly belonging to his co-defendant, his ex-wife. The trustee argues that the debtor exercised possession and control of the furnishings sufficient to constitute an ownership interest, and therefore, make the furnishings property of the estate. The defendants, argued that the trustee's interest is limited to that of the debtor on the date of the filing of the petition, and that interest on that date was not legal or equitable title but merely possession of the co-defendant's property. The trustee summarily opposed these arguments, contending that the co-defendant pretended to loan the debtor said furnishings, since the debtor remained in possession of these furnishings for several years. The trustee argued at trial, although not in its complaint, that these actions coupled with the fact that the co-defendant never recorded the loan proved that the transaction amounted to a fraudulent loan, pursuant to Florida Statute § 726.09.

The trustee is demanding a turnover of the furnishings pursuant to 11 U.S.C. § 542 which provides in pertinent part that:

> ... an entity, other than a custodian, in possession, custody, or control, during the case, of property that the Trustee may use, sell, or lease under Section 363 of this title, or that the debtor may exempt under Section 522 of this title, shall deliver to the Trustee, and account for, such property or the value of such prop-

erty, unless such property is of inconsequential value or benefit to the estate.

This statute clearly states that the debtor must have an interest in the property sought. Where a debtor does not have an interest in the property, it does not become part of the bankruptcy estate, and thus, cannot be made subject to an order of turnover. *See, In re Nat. Equipment & Mold Corp.*, 64 B.R. 239 (Bkrtcy.N.D.Ohio 1986); *Turner v. Burton (In re Turner)*, 29 B.R. 628 (Bkrtcy.D.Me.1983); 11 U.S.C. § 541(d).

The determination of whether the debtor has an interest in the household furnishings making them property of the bankruptcy estate under 11 U.S.C. § 541 rests on a consideration of whether, under Florida law, the property was Section 541 property of the debtor at the time his petitions were filed. *In re Ludlum Enterprises, Inc.*, 510 F.2d 996, 999 (5th Cir.1975); *In re Nat. Equipment & Mold Corp.*, 64 B.R. 239 (Bkrtcy.N.D.Ohio 1986); *In re Mortgage Funding, Inc.*, 48 B.R. 152 (Bkrtcy.D. Nev.1985); *Kempf v. Internal Revenue Service, (In re American Way Food Service Corp.)*, 48 B.R. 79 (Bkrtcy.W.D.Mich. 1985).

In the case at bar, there is no doubt that possession was with the debtor for a period of over two years, therefore, the controlling question is whether or not Florida Statutes § 726.09 is applicable to the facts in the instant case. The statute provides:

726.09 Fraudulent Loans Void

"When any loan of goods and chattels shall be pretended to have been made to any person with whom or those claiming under him, possession shall have remained for the space of two years without demand and pursued by due process of law on the part of the pretended lender, or where any reservation or limitation shall be pretended to have been made of a use or property by way of condition, reversion, remainder or otherwise in goods and chattels, and the possession thereof shall have remained in another as aforesaid, the same shall be taken, as to the creditors and purchasers of the persons aforesaid so remaining in possession, to be fraudulent within this chapter, and the absolute property shall be with the possession, unless such loan, reservation or limitation of use or property were declared by will or deed in writing proved and recorded."

The trustee contends that the co-defendant pretended to loan to the debtor said furnishings, since he remained in possession of these furnishings for a space of more than two years without demand by the co-defendant. Moreover, the trustee contends that these actions, coupled with the fact that the co-defendant never recorded the loan, prove that the transaction amounted to a fraudulent loan pursuant to Florida Statute § 726.09.

The trustee relies on *Hudnall v. Paine*, 39 Fla. 67, 21 So. 791 (1897), but his reliance is misplaced since in *Hudnall* there was a conditional sale of personal property where title was to be reserved in the seller until the purchase money was paid, and it was therefore held to be void as to the creditors and purchasers for valuable consideration after the expiration of two years' possession on the part of the purchaser, unless the sale was in writing and recorded pursuant to the statute.

The court finds that the furniture was not a loan pretended to have been made but was rather a good faith loan of the furnishings. In the instant case, it is clear that the co-defendant visited the furniture often and evidenced a proprietary interest in the furniture to her ex-husband, the debtor. In fact, the debtor also testified that if his ex-wife, co-defendant, commanded return of the furniture, his agreement with her was that he would return it. Even if the statute does apply, however, the Final Judgment of Dissolution of Marriage incorporating the property agreement was recorded, and therefore gave the notice required by the statute.

In view of the foregoing, this Court finds that Florida Statute § 726.09 is not applicable to the facts in this case, since the loan was not pretended but was real and because the Final Judgment of Dissolution of Marriage gave record notice of the disposition of the property at the time of its

recording. Therefore, insofar as the property held by the debtor is personally owned by the co-defendant, this Court finds that the furnishings are not property of the estate, and therefore, it has no jurisdiction to order a turnover under 11 U.S.C. § 542. A separate Final Judgment of even date has been entered in conformity herewith.