In the Matter of Marsha A.
STAGE, Debtor.

Stephanie CATES–HARMAN, Plaintiff,

v.

Marsha A. STAGE, Defendant.

Bankruptcy No. 87–115–8B7.
Adv. No. 87–93.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 27, 1988.

Jary Nixon, Tampa, Fla., for plaintiff.

Avery Goodman, Clearwater, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

THOMAS E. BAYNES, Jr.,
Bankruptcy Judge.

THIS ADVERSARY proceeding came on for hearing on January 5, 1988 upon the Complaint for Turnover filed by the Chapter 7 Trustee, Stephanie Cates–Harman, against the Debtor, Marsha Stage. The Trustee seeks a determination that a diamond engagement ring worn by the Debtor is subject to administration as an asset of the estate and, accordingly, must be turned over to the Trustee.

It appears the Debtor, Marsha A. Stage, became engaged to be married to Clayton Rashleig in November of 1986. As a pledge of marriage, Clayton gave the Debtor a pear shaped .75 carat diamond engagement ring.

During this engagement period, on January 9, 1987, the Debtor filed her Chapter 7 Petition. She did not list the ring as exempt property under Schedule B–4.[1] Instead she listed the ring in the Statement of Financial Affairs as being in her possession but belonging to Clayton, whose address she did not know. Post petition, the couple were married. The Debtor appeared at the Section 341 Meeting of Creditors wearing her engagement ring. Upon observing the diamond, the Trustee, Mrs. Cates–Harman, immediately inquired as to the ownership of the ring. The Debtor held steadfast to both the ring and her

1. See generally, Fla.Stat. § 222.20 (1987); *Rivas* *v. Noble (In re Rivas)*, 241 F. 673 (5th Cir.1917).

contention that although she was wearing the ring, Clayton owned it. This Court cannot help recounting the old saying, "Love may be blind, but a diamond sparkler is a sure eye opener," especially to a trustee in bankruptcy. *2001 One–Liners,* Oliver, Larry, New York: Trident Press, 1969, p. 161. In this case, the Trustee's eyes were opened sufficiently wide to file a Complaint for Turnover pursuant to Section 542 of the Bankruptcy Code. This Court must determine who has a right to the engagement ring. The answer depends on the Debtor's interest in the ring on the date she filed her Chapter 7 Petition.

Only property in which a debtor has an interest becomes part of the bankruptcy estate and can be made subject to an order of turnover. *Govaert v. Ryder (In re Ryder),* 78 B.R. 348 (Bankr.S.D.Fla. 1987). The nature and extent of a debtor's interest in property as of commencement of the bankruptcy case is determined by state law. *Reigle v. Drewett (In re Drewett),* 34 B.R. 316 (Bankr.E.D.Pa.1983). Florida, along with the majority of other jurisdictions, holds presents of engagement rings to be conditional gifts. The present carries an implied condition that a marriage ensue. The donor of the engagement ring may recover the ring if the engagement is terminated by the donee or by mutual consent of the parties. *Gill v. Shively,* 320 So.2d 415 (4th DCA Fla. 1975). The Debtor, thus, had a legal interest in the ring on the date of filing. Further, since the Debtor did marry Clayton, the condition that may have revoked the gift has been fulfilled.[2]

While non-bankruptcy law defines the scope and existence of the Debtor's interest in property, bankruptcy law defines what interests of the Debtor may become property of the estate. *California v. Farmers Market, Inc. (In re Farmers Market, Inc.,* 792 F.2d 1400, 1402 (9th Cir.

1986)). Section 541(a) of the Bankruptcy Code defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case ..." On February 6, 1988, the date of filing her Chapter 7 petition, the Debtor had a legal interest in the ring. Therefore, this Court finds the engagement ring is part of the Chapter 7 estate, subject to turnover to the Trustee.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED the Court finds in favor of Plaintiff, Stephanie Cates–Harman, as Trustee of the Chapter 7 estate, and against Defendant/Debtor, Marsha A. Stage. It is further

ORDERED, ADJUDGED AND DECREED the Defendant/Debtor, Marsha A. Stage, is hereby directed to turnover to the Chapter 7 Trustee the diamond engagement ring.

---

**2.** The Trustee contends the implied condition of marriage is a condition subsequent, relying on Anno: Rights in Respect of Engagement and Courtship Presents: When Marriage Does Not Ensue, 24 A.L.R.2d 579.

    The condition which makes betrothal gifts subject to revocation must be subsequent—that is, the donee becomes *vested* (emphasis added) with title to the gift res on its delivery,

subject to its being recalled by the donor if the condition is not met; there is no delay in transfer of title from donor to donee, as would be the case if the condition were precedent.

*Id.* at 588; See also Restatement (Second) of Property, § 31.2 (Tent. Draft No. 11, 1988); *Drewett, supra;* R. Brown, *The Law of Personal Property* (W. Raushenbush 3rd Ed. 1975) § 7.13.