WILSON, APPELLANT, *v.*
DABO, APPELLEE.

(No. 83AP-221—Decided June 14, 1983.)

*Mr. Robert E. Branham,* for appellant.

*Mr. Tiberiu D. Dabo, pro se.*

WHITESIDE, P.J. Plaintiff, Cheryl Wilson, appeals from a judgment of the Franklin County Court of Common Pleas dismissing her complaint for failure to state a claim upon which relief could be granted on the ground that the complaint was for breach of promise to marry and, therefore, barred by R.C. 2305.29. Plaintiff raises a single assignment of error, as follows:

"The trial court abused its discretion when it dismissed appellant's complaint for failure to state a cause of action."

Although App. R. 18(C) permits reliance solely upon appellant's brief, where, as here, the appellee, Tiberiu D. Dabo, failed to file a brief, we will examine the record to a limited extent. Plaintiff alleged in her memorandum in the trial court opposing defendant's motion to dismiss that she is entitled to the return of property and money, or the value thereof, transferred to defendant in reliance upon his promise of marriage and in reliance upon his promise to return the property and money, and that such claim is not barred by R.C. 2305.29, commonly referred to as the Heart Balm Act. This is also the basis of her appeal.

R.C. 2305.29, which became effective prior to the times herein involved, reads as follows:

"No person shall be liable in civil damages for any breach of a promise to marry, alienation of affections, or criminal conversation, and no person shall be liable in civil damages for seduction of any person eighteen years of age or older who is not incompetent, as defined in section 2111.01 of the Revised Code."

Jurisdictions having similar "heart balm" acts generally hold that such statutes simply bar recovery of damages suffered from loss of marriage, humiliation, and other direct consequences of the breach of promise to marry and do not bar actions to recapture property transferred in reliance upon the promise to marry, which actions still may be maintained as at common law.[1]

Although some courts have predicated recovery of property transferred in contemplation of marriage on a theory of fraudulent representations, we think the better view permits recovery based on the equitable principle of unjust enrichment. We agree with the statement of the Supreme Court of New Hampshire in *Gikas* v. *Nicholis* (1950), 96 N.H. 177, 71 A. 2d 785, at page 179:

"It was not the intention of the * * * Legislature in outlawing breach of promise suits to permit the unjust enrichment of persons to whom property had been transferred while the parties enjoyed a confidential relationship. To so construe the statute would be to permit the unjust enrichment which the statute is designed to prevent."

There is no reason to believe that the Ohio Legislature intended that the courts examine the minds of the parties and determine their sincerity at the moment of the marriage proposal as a prerequisite to restitution.

The property transferred, even if a gift, was a conditional gift given with the mutual understanding that the parties would be married. When the condition is not fulfilled because one, or both, of the parties change their minds, it is only fair that property given in contemplation of fulfillment of such understanding be returned at least if the party seeking recovery has not unjustifiably broken off the engagement.[2]

Moreover, the effect of R.C. 2305.29 is that a promise to marry partakes of a contract which is revocable by either

---

[1] See Annotation (1972), Rights in Respect of Engagement and Courtship Presents When Marriage Does Not Ensue, 46 A.L.R. 3d 578; *Norman* v. *Burks* (1949), 93 Cal. App. 2d 687, 209 P.2d 815; *Mack* v. *White* (1950), 97 Cal. App. 2d 497, 218 P.2d 76; *De Cicco* v. *Barker* (1959), 339 Mass. 457, 159 N.E. 2d 534; *Gikas* v. *Nicholis* (1950), 96 N.H. 177, 71 A.2d 785; *Beberman* v. *Segal* (1949), 6 N.J. Super. 472, 69 A.2d 587; *Gaden* v. *Gaden* (1971), 29 N.Y.2d 80, 323 N.Y. Supp.2d 955, 272 N.E. 2d 471.

[2] A gift in contemplation of marriage is generally considered not to be absolute but made conditionally. If the condition willfully not be fulfilled, the donor is entitled to return of the gift. Although there appears to be no Ohio authority, many states have adopted this view. See 38 American Jurisprudence 2d 884, Gifts, Section 83; Annotation (1972), 46 A.L.R. 3d 578, 584. While purists may object to the concept of a "conditional gift," the term may be the clearest way of explaining the legal relationship that is implied when the agreement to marry is rescinded by one party in order to avoid unjust enrichment.

party at will. When one party exercises this right to terminate the agreement, he or she should restore the other party to his or her original position with respect to property transferred in contemplation of fulfillment of the promise to marry. Requiring fulfillment of such equitable duty to restore the other party to the pre-agreement position does not constitute an award of damages for breach of promise to marry but is an order for restitution of property to which the reneging party no longer has a right, having relinquished it by exercising the statutory prerogative to terminate the promise to marry.

Unfortunately, plaintiff's complaint does not clearly define the contentions made in her trial memorandum and repeated in her brief on appeal, nor does she limit her claims for restitution for the value of money and property transferred to defendant in reliance upon his promise of marriage and in reliance upon his promise to return the property and money. However, as held by the Supreme Court in *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242 [71 O.O.2d 223], the trial court could not properly dismiss plaintiff's complaint unless it appears beyond doubt from the complaint itself that plaintiff can prove no set of facts entitling her to recovery.

As to those allegations in plaintiff's complaint seeking compensatory and punitive damages for plaintiff's mental anguish, embarrassment, humiliation and forebearance to accept other potential offers of marriage, as a result of her reliance on defendant's promise of marriage, the trial court correctly sustained the motion to dismiss plaintiff's complaint. Plaintiff can prove no set of facts entitling her to recovery for these and any other similar direct consequences of defendant's breach of promise to marry barred by R.C. 2305.29.

However, intermingled with these allegations barred by R.C. 2305.29, in paragraphs 2, 4 and 5 of the complaint, there are also allusions to pecuniary loss suffered by plaintiff in reliance upon defendant's promise of marriage, which claims for relief are not barred by R.C. 2305.29. Although these allegations of unjust enrichment could be more definite, they are sufficient to state a claim for relief under the *O'Brien* test, even though a Civ. R. 12(E) motion for a more definite statement would have been appropriate. Unfortunately, the separate claims in plaintiff's complaint are not separately stated as required by Civ. R. 10(B).

Upon remand, therefore, plaintiff should be required to amend her complaint so as to separate her claims for unjust enrichment from those other claims which are barred by R.C. 2305.29.

Plaintiff's allegations in both her trial memorandum and brief on appeal as to a promise by defendant to return the property and money transferred to him by plaintiff are not reflected anywhere in plaintiff's complaint and, therefore, are not before this court or the trial court. In any event, such a claim would not be barred by R.C. 2305.29 since a loan if made and not repaid would give rise to a claim independent of defendant's promise of marriage.

For the foregoing reasons, plaintiff's assignment of error is sustained with respect to the claim for restitution and overruled with respect to the claim for damages for breach of promise; and the judgment of the Franklin County Court of Common Pleas is affirmed in part, reversed in part and remanded with instructions to enter an order in conformity with this decision requiring plaintiff to file an amended complaint eliminating the allegations bearing solely upon a claim for breach of promise barred by R.C. 2305.29.

*Judgment affirmed in part,
reversed in part and cause
remanded with instructions.*

MOYER and NORRIS, JJ., concur.