Wion, Appellant, *v.* Henderson, Appellee.

(No. 84CA58—Decided April 22, 1985.)

*John E. Hemm,* for appellant.
*Louie R. Kindell,* for appellee.

Wilson, J. William Todd Wion, plaintiff-appellant, filed a complaint in replevin alleging a conditional gift of a diamond engagement ring to Lisa R. Henderson, defendant-appellee, on May 23, 1981. Plaintiff terminated the engagement a year later. After a trial to the court the plaintiff has appealed from findings and judgment in favor of the defendant.

There are three assignments of error.

I

"The trial court erred in finding there was no evidence indicating plaintiff's ownership in the engagement ring given to the defendant."

II

"The trial court erred in finding there was no evidence indicating the value of the engagement ring given to the defendant."

III

"The trial court erred in finding that once given, the gift of an engagement ring is complete and irrevocable.

"1. The gift of an engagement ring * * * [is] a conditional gift.

"2. The donor may recover an engagement ring upon termination of the engagement absent an agreement to the contrary."

The third assignment of error will be discussed first.

The trial court found that the plaintiff broke the engagement with the defendant in order to marry his present wife. This finding of fact is supported by

the evidence. Implicit in the findings of fact is a finding of fault on the part of the plaintiff and no fault on the part of the defendant.

R.C. 2305.29, which became effective June 26, 1978, prohibits civil damages for breach of promise to marry; however, the Heart Balm Act does not bar actions to recover property given in reliance upon the promise to marry. *Wilson* v. *Dabo* (1983), 10 Ohio App. 3d 169. This case also held that a gift made in contemplation of marriage is a "conditional gift" which should be returned when the condition is not fulfilled "at least if the party seeking recovery has not unjustifiably broken off the engagement." *Id.* at 170.

It has been held that "[t]he donor of an engagement ring can recover the gift only if the engagement is dissolved by agreement or if it is unjustifiably broken by the donee." *Coconis* v. *Christakis* (1981), 70 Ohio Misc. 29 [24 O.O.3d 178], paragraph one of the syllabus. A contrary view appears in dictum in *Lyle* v. *Durham* (1984), 16 Ohio App. 3d 1. This case held in paragraph one of the syllabus that "in the absence of an agreement between the parties to the contrary, the engagement ring must be returned to the donor upon termination of the engagement, regardless of fault."

The holding in *Coconis* appears to be the majority rule in this country. Annotation, Rights in Respect of Engagement and Courtship Presents When Marriage Does Not Ensue (1972), 46 A.L.R. 3d 578.

We hold that absent an agreement to the contrary an engagement ring need not be returned when the engagement is unjustifiably broken by the donor.

In view of our holding we find only harmless error alleged in the appellant's other assignments of error.

We affirm.

*Judgment affirmed.*

BROGAN, P.J., concurs.

KERNS, J., concurs in judgment.

KERNS, J., concurring. Since the evidence is susceptible to a reasonable finding that Wion told Henderson to keep the ring after he had terminated their engagement, he divested himself of any possible incidence of ownership therein. At that point, the ring took the form of any other unconditional gift which might have passed between the parties without reference to the prospects of marriage. For this reason, I concur in the judgment.