PATTERSON, Appellee,

v.

BLANTON, Appellant.

[Cite as *Patterson v. Blanton* (1996), 109 Ohio App.3d 349.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE07–858.

Decided Feb. 13, 1996.

*Fry & Waller Co., L.P.A.,* and *Barry Waller,* for appellee.

*Stephen E. Maher,* for appellant.

DESHLER, Judge.

Defendant-appellant, Dondee Blanton ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas in favor of plaintiff-appellee, Jack E. Patterson ("appellee"), ordering the return of certain items of jewelry from appellant to appellee.

For purposes of this appeal, the parties do not appear to contest the following pertinent findings of fact drawn from the magistrate's report in the trial court. Appellant and appellee first met in February 1991. Both were married at the time, and each knew of the other's marital status. Appellant was experiencing marital difficulties; the state of appellee's marriage is not described in the record. Appellee hired appellant to perform cleaning services in connection with his fire restoration business. The business relationship evolved into a romantic one which lasted at least through November 1991. Sometime between April and July 1991, after the two had begun their extramarital affair, appellee proposed to

appellant and she accepted. Each agreed to divorce his or her spouse in order to make their contemplated marriage possible. Over the next few months, appellee gave appellant several gifts of jewelry, including bracelets, watches, and a pair of engagement rings, with a total alleged value of $46,500. On October 8, 1991, appellee's wife filed for divorce. In contrast to appellee, appellant remained married to her spouse. In November 1991, appellee and appellant took a Caribbean cruise together, during which appellee purchased further jewelry for appellant. Shortly after their return from the cruise, the two quarreled and for the time being ended their affair. Appellee requested that appellant return the jewelry but she refused.

Appellee then filed the present action in the Franklin County Court of Common Pleas, alleging that the jewelry was a conditional gift given in contemplation of marriage, that appellant had converted the jewelry to her own use, and that the jewelry or its monetary value should be returned to appellee under a theory of unjust enrichment. Appellant's answer asserted, *inter alia*, that appellee's complaint failed on the grounds of illegality, waiver, and estoppel. Appellant moved to dismiss the complaint on the grounds that the complaint failed to state a claim upon which relief could be granted on the basis of the illegality, under Ohio's bigamy statute, of the alleged promise to marry which formed the conditional basis for the gift of the jewelry. Appellant also moved to dismiss on the basis that appellee sought equitable relief under the doctrine of unjust enrichment, but did not come into equity with clean hands due to his marital status when he conditionally promised to marry appellant. Appellee responded in part that the affirmative defense of unclean hands had not been pled by appellant and should not be considered. Based upon a magistrate's report, the trial court found merit in neither the unclean hands nor the illegality arguments and overruled the motion to dismiss.

The matter was referred again to the magistrate, who took testimony and subsequently issued a report recommending that the jewelry be found a conditional gift and, the implied condition of marriage not being met, that appellee was entitled to recover the jewelry from appellant. On June 9, 1995, the trial court entered a decision and judgment entry denying appellant's motion for conclusions of law and adopting the magistrate's report. The court's decision also makes a specific finding that the parties' marriages were "in a state of disintegration during the period in question," in response to certain arguments made by appellee based upon pertinent sections of Restatement of Contracts 2d, which will be addressed *infra*.

Appellant has timely appealed and brings the following assignment of error:

"The Court erred as a matter of law in applying the conditional gifts doctrine in favor of one who, while married to another, gave jewelry in contemplation of marriage to one who was also married to another."

■ The more widely held view in Ohio is that gifts made in contemplation of marriage, most typically exemplified by an engagement ring, may be recovered by the donor if marriage does not ensue, regardless of which party may be at fault regarding the termination of the engagement. *Lyle v. Durham* (1984), 16 Ohio App.3d 1, 16 OBR 1, 473 N.E.2d 1216; *McIntire v. Raukhorst* (1989), 65 Ohio App.3d 728, 585 N.E.2d 456. The contrary view has also been taken by at least one court. See *Wion v. Henderson* (1985), 24 Ohio App.3d 207, 24 OBR 330, 494 N.E.2d 133 (engagement ring need not be returned when donor unjustifiably breaks off the engagement). The court in *McIntire* noted that, in declining to follow the rule in other jurisdictions, whereby a court must establish whether the donor of an engagement ring was not at fault in the termination of the engagement prior to granting replevin of the ring, the "no-fault" rule eliminates the need for a trial court to engage in the often impossible task of establishing blame in the emotionally complex context of an engagement to be married. For the same reasons, we find *Lyle* and *McIntire* to state the better rule, and adopt the "no fault" reasoning of those cases.

While both *Lyle* and *McIntire* are primarily concerned with the return of engagement rings, the principle has been extended to other gifts of property in contemplation of marriage. *Zsigmond v. Vandemberg* (Dec. 29, 1995), Portage App. No. 95–P–0006, unreported, 1995 WL 815349 (television set); *Somple v. Livesay* (July 31, 1979), Mahoning App. No. 78–CA–16, unreported (appliances and furnishings).

■ Appellant concedes upon appeal the factual conclusion reached by the magistrate and trial court that all of the jewelry still at issue in this case was given in contemplation of marriage and thus recoverable absent other considerations. Appellant's position is that the rule pronounced in *Lyle* and *McIntire* is unavailable due to the illegal or inequitable nature of the underlying agreement to marry.

Appellant argues that as a matter of law the promise to marry between appellant and appellee was in derogation of marriage and thus contrary to public policy, and therefore could not serve as the basis for an equitable or legal claim. Appellant relies heavily upon the case of *Hempy v. Green* (May 31, 1990), Franklin App. No. 89AP–1369, unreported, 1990 WL 72607. In that case, Green, a married man experiencing difficulties with his wife, and Hempy, a single woman, commenced an affair. Green eventually proposed marriage contingent upon his obtaining a divorce. Green's wife eventually consented to a divorce, in

# 353

part in exchange for a promise that she receive $6,000 in cash. Green, not having this amount, borrowed it from Hempy and the divorce proceeded. Green then refused to marry Hempy, who sued for the return of her money. The trial court found for Hempy and Green appealed.

This court reversed on appeal, finding that Hempy could not recover under the equitable theory of unjust enrichment, because she was guilty of "violating the bonds of marriage," and as such did not come to equity with clean hands. This court further noted that "the preservation of marital unity continues to be a pervasive concept in modern jurisprudence." The court concluded that whether recovery was sought upon the legal basis of contract or the equitable basis of unjust enrichment, no recovery could be obtained because a contract, if one existed, was in derogation of marriage and thus against public policy. Thus, the doctrine of "clean hands" prevented recourse to equity. A similar conclusion has been reached in several cases from other state courts, most notably *Lowe v. Quinn* (1971), 27 N.Y.2d 397, 318 N.Y.S.2d 467, 267 N.E.2d 251.

Appellee responds that the "clean hands" rule set forth in *Hempy* and *Lowe* should be viewed as no longer representing an absolute and intransigent rule, but should be mitigated by the provisions of 2 Restatement of the Law 2d, Contracts (1981) 53, Section 190, which provides as follows:

"Promise Detrimental to Marital Relationship

" * * *

"(2) A promise that tends unreasonably to encourage divorce or separation is unenforceable on grounds of public policy.

" * * *

"Comment:

" * * * Whether a promise tends unreasonably to encourage divorce or separation in a particular case is a question of fact that depends on all the circumstances, including the state of disintegration of the marriage at the time the promise is made."

Appellee urges that, because the marriages of both appellee and appellant were in a state of disintegration at the time the gifts were made and the trial court specifically made such a finding in its decision, the above-cited Restatement Comment supports a conclusion that the alleged promise did not unreasonably encourage divorce or separation and could thus support recovery by appellee of the jewelry as a conditional gift.

In order to determine the applicability of Section 190 of the Restatement 2d to the facts before us, we must examine the basis for recovery under the conditional gifts doctrine. In the case of *Wilson v. Dabo* (1983), 10 Ohio App.3d

169, 170–171, 10 OBR 223, 223–224, 461 N.E.2d 8, 9–10, this court stated as follows:

"Although some courts have predicated recovery of property transferred in contemplation of marriage on a theory of fraudulent representations, we think the better view permits recovery based on the equitable principle of unjust enrichment.

" * * * [A] promise to marry partakes of a contract which is revocable by either party at will. When one party exercises this right to terminate the agreement, he or she should restore the other party to his or her original position with respect to property transferred in contemplation of fulfillment of the promise to marry. Requiring fulfillment of such equitable duty to restore the other party to the pre-agreement position does not constitute an award of damages for breach of promise to marry but is an order for restitution of property to which the reneging party no longer has a right, having relinquished it by exercising the statutory prerogative to terminate the promise to marry."

*Wilson* therefore clearly contemplates recovery on an equitable theory, rather than recovery as damages for breach of contract. This would appear particularly appropriate for instances of *gifts* made in contemplation of marriage, as distinguished from contracts or agreements entered into in contemplation of marriage, more akin to the situation found in *Hempy*. While the Restatement rule is an apt one when considering the enforceability of contracts in derogation of marriage, we do not find it specifically applicable to equitable considerations of unjust enrichment as existing in the case before us.

The consideration in the instant case is not the illegality or immorality of the underlying contract with an eye towards its enforceability, as exemplified in the legal maxim "*ex turpi causa non oritur actio,*" but the equitable maxim "he who seeks equity must come with clean hands." "Equity is based upon what is perceived as just under the circumstances of each case and, when both parties are guilty of injustice, a court of equity will leave them as they are." *Hempy, supra.* "In modern times, marriage has come to mean more than continued procreation or moral integrity between spouses but has become a foundation for the education of our children in order to secure a productive, competitive, and socially responsible adult population. * * * [B]oth appellant and appellee's conduct was directly contrary to this well-established public policy and thus, a court of equity should refuse to provide a forum for relief when both parties have willfully acted in derogation of this important public policy. In this instance, the courts do not attempt to decide which party was the more reprehensible, but simply leaves the parties in the position in which their conduct placed them." *Id.*

The trial court's initial determination with respect to "clean hands" issues in this case was made when denying appellant's motion to dismiss for failure to state a claim. The trial court found that both parties had equally unclean hands, and that appellant could not, therefore, invoke this doctrine. As was stated in *Hempy*, the issue in this case is not whether one party's hands are cleaner than the other, but whether the hands of the party seeking equitable relief are clean. In this instance, appellee clearly made his gifts of jewelry while still married to his then-wife. The fact that appellant was conducting herself in an equally reprehensible manner towards her own spouse is not particularly relevant to whether appellee should be permitted to obtain equitable relief under a theory of unjust enrichment. See, generally, *Marinaro v. Major Indoor Soccer League* (1991), 81 Ohio App.3d 42, 610 N.E.2d 450.

Ohio courts have had the wisdom and foresight in recent cases to avoid straying into a legal swamp by declining to undertake a determination of who may be at fault in terminating an engagement as a prerequisite to recovery of conditional gifts made by a donor. As noted in *McIntire*, this provides a useful "bright line" standard for addressing the fate of such gifts. Similarly, we would hesitate to venture down the equally uncertain path which would require a determination of the state of the parties' marriages at the time they began exchanging gifts of various kinds in anticipation of replacing their respective spouses. This would be, in any event, a largely self-fulfilling condition, since the gift of an engagement ring to or from a third party would typically invite a finding of disintegration regardless of the prior state of the marriage. While the Restatement rule discussed above may yet have some application when applied to more complex premarital contractual entanglements, the simple policies expressed in *McIntire*, as limited by the "clean hands" restrictions expressed in *Hempy*, provide a clear and coherent rule of recovery in Ohio for the type of premarital gifts at issue in the case *sub judice*.

■ While the foregoing discussion clarifies the law with respect to any possible recovery by appellee and establishes that the trial court erred both in its consideration of the clean hands doctrine and its application of Section 190 of the Restatement 2d, it does not establish a basis for reversal of the trial court's decision. Appellee has correctly pointed out that appellant neither pled the affirmative defense of clean hands in her answer, nor amended her pleadings during the course of litigation to encompass this defense. Although issues pertaining to the clean hands doctrine were addressed by the trial court and argued by the parties, appellee never acquiesced to the consideration of this doctrine and, in fact, specifically objected to any consideration by the court of the doctrine on the pleading basis set forth above. Civ.R. 15(B) provides that "when issues not raised by the pleadings are tried by express or implied consent of the

parties, they shall be treated in all respects as if they had been raised in the pleadings[,]" and that failure to amend the pleadings shall not affect the result of trial of such issues. It is apparent, however, that there was no implied or express consent by appellee to the introduction of the unpled clean hands issue in this case, and there can be no implied amendment of the pleadings under Civ.R. 15. Appellant, furthermore, never specifically moved to amend the pleadings to include clean hands issues.

Neither the magistrate's nor the trial court's decision casts any light on the trial court's basis for addressing clean hands issues despite the fact that this affirmative defense was not pled. It is therefore difficult to establish the basis for the trial court's decision to address such issues despite appellee's objection thereto on a pleading basis. "Although Civ.R. 15 allows for a liberal amendment of the pleadings * * *, the rule will only apply when, as stated therein, the amendment would 'conform to the evidence' and when the issue is tried by either the 'express or implied consent of the parties.'" *State ex rel. Evans v. Bainbridge Twp. Trustees* (1983), 5 Ohio St.3d 41, 44, 5 OBR 99, 101, 448 N.E.2d 1159, 1162. Since appellee clearly objected to the introduction of the clean hands issue when it had not been properly pled (and just as clearly no amendment of the pleadings was ever obtained on motion of appellant) the only conclusion which can be obtained was that the issue was not properly pled before the trial court. As set forth in the foregoing recapitulation of Ohio law on the issue of recovery of gifts in contemplation of marriage, replevin in such instances is obtained on the equitable basis of unjust enrichment. In the absence of an equitable defense pled by appellant, the trial court, although it somewhat misconstrued certain aspects of the law in this case, reached the correct result and appellant's assignment of error is accordingly overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

Petree and Reilly, JJ., concur.

Archer E. Reilly, J., retired, of the Tenth Appellate District, sitting by assignment.