**In re Cheryl L. WILSON, Debtor.**

**Bankruptcy No. 96–41269.**

United States Bankruptcy Court,
N.D. Ohio.

July 10, 1997.

Jeffrey D. Adler, Youngstown, OH.

Andrew W. Suhar, Youngstown, OH, Chapter 7 trustee.

Donald M. Robiner, Cleveland, OH, U.S. Trustee.

## ORDER

WILLIAM T. BODOH, Bankruptcy Judge.

This cause is before the Court upon a motion for turnover filed by Chapter 7 Trustee Andrew W. Suhar, Esq. ("Trustee") against Debtor Cheryl L. Wilson ("Debtor"). The Trustee seeks a determination that a diamond engagement ring given to Debtor is property of the estate and therefore subject to turnover and administration as an asset of Debtor's bankruptcy estate.

It appears from the evidence in the record that Debtor herein became engaged to be married sometime prior to the filing of her bankruptcy petition. As a pledge of marriage, Debtor's fiancé gave her a diamond engagement ring. On June 17, 1996, Debtor filed her Chapter 7 petition. In her petition, specifically Schedule B, Debtor listed several pieces of jewelry and claimed her allowed exemptions in the amount of One Thousand Eight Hundred Dollars ($1,800.00) as shown in Schedule C. However, she did not list the engagement ring herein at issue nor did she claim it as exempt property. Debtor further did not include the ring in her statement of financial affairs as being a gift or property in her possession but belonging to another.

Upon learning of the ring's existence, the Trustee filed this motion for turnover pursuant to § 542 of the Bankruptcy Code. The Trustee contends that the engagement ring is property of Debtor's estate pursuant to § 541(a)(1) of the Code. In particular, the Trustee argues that Debtor had a legal interest in the ring on the date she filed her Chapter 7 bankruptcy petition, thus making the ring property of Debtor's estate and subject to turnover. Conversely, Debtor contends that under Ohio law, the ring represents a conditional gift given in contemplation of marriage and is therefore property belonging to her fiancé. Debtor argues that because she and her fiancé were not yet married on the date the petition was filed, the ring is not her property since it could be legally recovered by her fiancé should the engagement be terminated. For the reasons set forth hereafter, the Court holds that Debtor's engagement ring was a revocable gift given in contemplation of marriage and thus is not property of Debtor's estate. Accordingly, the ring is not subject to turnover in this bankruptcy proceeding.

The Court has jurisdiction over this proceeding pursuant to the General Order of Reference entered by the United States District Court for this District and pursuant to the provisions of 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). This matter was tried to the Court on June 4, 1997 and has been submitted for decision. Andrew W. Suhar, Esq. appeared as Trustee of the Chapter 7 estate. Jeffrey D. Adler, Esq. appeared on behalf of Debtor. The following constitutes the Court's findings of fact and conclusions of law pursuant to FED.R.BANKR.P. 7052.

What constitutes property of the estate is defined in 11 U.S.C. § 541 as "all legal or equitable interests of the debtor in property as of the commencement of the case." While federal bankruptcy law defines which interests of a debtor may become property of the estate, bankruptcy courts rely upon state law to define the scope and existence of a debtor's interest in property. *See In re Farmers Markets, Inc.*, 792 F.2d 1400, 1402

(9th Cir.1986). Accordingly, we look to Ohio law to determine the nature and extent of the Trustee's and Debtor's interests in the engagement ring at the time the bankruptcy petition was filed. See *e.g.,, In re Ryder,* 78 B.R. 348, 350 (Bankr.S.D.Fla.1987); *In re Drewett,* 34 B.R. 316, 318 (Bankr.E.D.Pa. 1983).

 Ohio, along with the majority of other jurisdictions, holds that engagement rings are considered to be "conditional gifts" made in contemplation of marriage. *See Zsigmond v. Vandemberg,* No. 95–P–0006, 1995 WL 815349, at *2 (Ohio App. 11th Dist. Dec. 29, 1995). Since such gifts (e.g. engagement rings) are conditional, many Ohio courts have held that the gift may be recovered by the donor if marriage does not ensue. Under present law, the ring would be returned to the donor *regardless* of which party may be at fault for terminating the engagement. *See Patterson v. Blanton,* 109 Ohio App.3d 349, 352, 672 N.E.2d 208 (1996); *McIntire v. Raukhorst,* 65 Ohio App.3d 728, 730, 585 N.E.2d 456 (1989); *Lyle v. Durham,* 16 Ohio App.3d 1, 3, 473 N.E.2d 1216 (1984).

This modern trend of adopting a "no-fault" rule is notably different from the view held by Ohio courts in the past. Formerly, many courts adopted the view that an engagement ring could be recovered by the donor *only if* the engagement was terminated by the donee without justification or by mutual agreement. *Patterson,* 109 Ohio App.3d at 352, 672 N.E.2d 208. However, the better and present rule in Ohio establishes a "bright-line" standard which eliminates much of the need to have state courts determine which party, if either, is at fault. *McIntire,* 65 Ohio App.3d at 730, 585 N.E.2d 456. As observed by the Court in *Patterson,* "Ohio courts have had the wisdom and foresight in recent cases to avoid straying into a legal swamp by declining to undertake a determination of who may be at fault in terminating an engagement as a prerequisite to recovery of conditional gifts made by a donor." *Patterson* 109 Ohio App.3d at 355, 672 N.E.2d 208. By adopting this policy, the *Patterson* Court set forth the premise that recovery of conditional gifts is based on an equitable rather than a contractual theory of recovery (i.e. "unjust enrichment" verses "damages"). *Id.* at 356, 672 N.E.2d 208.

Judicial favor of an equitable remedy as opposed to a legal remedy was similarly emphasized in *Wilson v. Dabo,* 10 Ohio App.3d 169, 461 N.E.2d 8 (1983), where the Court stated the following:

> Although some courts have predicated recovery of property transferred in contemplation of marriage on a theory of fraudulent representations, we think the better view permits recovery based on the equitable principle of unjust enrichment.

> \* \* \* \* \* \*

> [A] promise to marry partakes of a contract which is revocable by either party at will. When one party exercises this right to terminate the agreement, he or she should restore the other party to his or her original position with respect to property transferred in contemplation of fulfillment of the promise to marry. Requiring fulfillment of such equitable duty to restore the other party to the preagreement position does not constitute an award of damages for breach of promise to marry but is an order for restitution of property to which the reneging party no longer has a right, having relinquished it by exercising the statutory prerogative to terminate the promise to marry.

*Id.* at 170–71, 461 N.E.2d 8 (discussing practical effect of Ohio Revised Code § 2305.29). While we have not been asked to determine whether Debtor's engagement ring is in fact a revocable gift, we nevertheless find the reasoning cited above helpful in determining the scope of each party's interest in the engagement ring herein at issue.

 In Ohio, it is clear that the modern trend is to find that a gift given in contemplation of marriage remains property of the donor until the condition of marriage is fulfilled. In the case at hand, Debtor was *still engaged* when she filed her bankruptcy petition. Whether the couple subsequently became married or whether they later chose to terminate their engagement is irrelevant and therefore not an issue for us to consider. Rather, we must look only to the circumstances as they existed on the date the peti-

tion was filed. In doing so, we find that at that time, the engagement ring was subject to revocation by Debtor's fiancé. Applying the directives established under the common law of Ohio, we conclude that Debtor's engagement ring was a conditional and revocable gift given to her by her fiancé in contemplation of marriage and, accordingly, cannot be considered property of the bankruptcy estate.

## CONCLUSION

Based upon a review of the evidence before us and for the reasons set forth herein, the Court concludes that Debtor's engagement ring was a conditional gift given in contemplation of marriage and, as such, remains revocable property in her possession yet belonging to her fiancé. Debtor at the time of filing her petition was only engaged and not yet married to the donor of the ring. Debtor failed to claim the ring as property of her estate under the belief that the ring was not her property. Accordingly, the Court holds that the engagement ring is not property of Debtor's estate and therefore is not subject to turnover to the Trustee pursuant to 11 U.S.C. § 542. The Trustee's motion for turnover is overruled.

**IT IS SO ORDERED.**