[Cite as *Fisher v. Fisher*, 2011-Ohio-5251.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 95821

---

## SUSAN K. FISHER

PLAINTIFF-APPELLEE

vs.

## TIMOTHY E. FISHER

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Domestic Relations Division
Case No. D-253906

**BEFORE:**    Boyle, J., Kilbane, A.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**    October 13, 2011

**ATTORNEYS FOR APPELLANT**

Joseph G. Stafford
Gregory J. Moore
Stafford & Stafford Co., L.P.A.
55 Erieview Plaza, 5th Floor
Cleveland, Ohio    44114

**ATTORNEY FOR APPELLEE**

Jonathan A. Rich
Zashin & Rich Co., L.P.A.
55 Public Square, 4th Floor
Cleveland, Ohio    44113

MARY J. BOYLE, J.:

{¶ 1}   The long and convoluted procedural history of this case is too agonizing to recite.   Defendant-appellant, Timothy Fisher, and plaintiff-appellee, Susan Fisher, were married in 1985, and had two children during the marriage, both of whom are now emancipated.   Although they separated in April 1997 and divorced in May 2000, they have essentially been fighting in court ever since —   for over 14 years.   See *Fisher v. Fisher* (June 28, 2001), 8th Dist. No. 78092.   Defendant now appeals for the second time, raising seven assignments of error.   We find no merit to his arguments and affirm.

{¶ 2}   In the first judgment that defendant is appealing, the trial court adopted the magistrate's decision on several of plaintiff's motions that were filed in 2000, 2001, and 2004.   The magistrate found defendant in contempt of court for failing to pay the full amount of the parties' property division under their judgment entry of divorce.   The trial court adopted the magistrate's decision and ordered the defendant to pay plaintiff $20,548, plus statutory interest from July 9, 2001 (the date this court journalized the first appeal).   The magistrate also recommended, and the trial court adopted and ordered, that defendant pay plaintiff $7,000 for her attorney fees in the matter.

{¶ 3}   In the second judgment that defendant is appealing, the trial court adopted the magistrate's decision regarding defendant's motion to modify child support. Although the trial court granted defendant's motion in part, defendant now raises several issues relating to the magistrate's decision.

## Admission of Evidence

{¶ 4}   In his first assignment of error, defendant argues that the trial court abused its discretion by striking additional evidence that he submitted with his written closing argument.

{¶ 5}   The trial court's discretion to admit or exclude evidence is broad "so long as such discretion is exercised in line with the rules of procedure and evidence."   *Rigby v. Lake Cty.* (1991), 58 Ohio St.3d 269, 271, 569 N.E.2d 1056.   An appellate court

reviewing the trial court's admission of evidence must limit its review to whether the lower court abused its discretion.   Id.

{¶ 6}   At the close of the hearing on February 5, 2009, the following took place:

{¶ 7}   "THE MAGISTRATE: How do you want to do closing?   Whatever is cheapest and easier for you.

{¶ 8}   "The facts in this case I don't have a problem remembering.   But there are a lot of numbers.   You may just want to give me some numbers.   Do you want to do it orally?   I don't care.   If you want a week or so.

{¶ 9}   "[DEFENDANT'S ATTORNEY]: We can submit written."

{¶ 10} Defense counsel then requested until the end of February 2009 to submit his written closing arguments, which the trial court granted.   Defense counsel then stated, "[a]ny further documentation — ," to which the trial court replied, "Yeah.   If it's self-authenticating, I'll consider it.   If not, I'll have to figure something out."   The hearing then ended.

{¶ 11} According to the magistrate, defendant attached "a stack of documents" to his closing argument, "purporting to establish that he should receive credit against his property division debt for payments for children's activity and medical expenses that should have been contributed to by the plaintiff."   The magistrate determined that these documents were not self-authenticating and could not "be admitted into evidence after the hearing has been completed."   The magistrate further stated that "defendant had

four years *** to supply his counsel with these records so that they could properly be placed into evidence, but did not do so until this late date."

{¶ 12} After reviewing the record, we find no error on the part of the trial court. Although defendant claims that the magistrate requested he submit additional evidentiary material, that was not the case. The magistrate requested "numbers," not documents. When defendant requested to submit documentation, the magistrate cautioned defendant that it would not consider any documents that were not self-authenticating.

{¶ 13} Even if the magistrate had erred by striking the documents, which he did not, this argument is moot. The trial court granted defendant's objections to the magistrate's decision regarding child support matters, and at the rehearing on remand, the magistrate then permitted defendant to admit the exhibits that he had attached to his closing argument that were stricken — the same ones he is complaining about now.

{¶ 14} Accordingly, defendant's first assignment of error is overruled.

## Contempt of Court

{¶ 15} In his second assignment of error, defendant argues that the trial court abused its discretion by finding him in contempt of court (granting plaintiff's show-cause motions filed on July 20, 2000, August 20, 2001, and January 20, 2004). In her motions, plaintiff argued that defendant failed to fulfill his obligation under their judgment entry of divorce to pay her 12 quarterly payments of $3,125, for a total of $37,500.

{¶ 16} Our standard of review regarding a finding of contempt is limited to a determination of whether the trial court abused its discretion. *Kaput v. Kaput*, 8th Dist. No. 94340, 2011-Ohio-10, ¶9, citing *Walton v. Walton*, 6th Dist. No. WD-05-002, 2005-Ohio-5734.

A. *Unclean Hands*

{¶ 17} Defendant first argues that plaintiff should not have prevailed on her show-cause motions because she had "unclean hands." Defendant claims that plaintiff failed to comply with several provisions of their judgment entry of divorce.

{¶ 18} R.C. 3105.011 states that a judge in a domestic relations action has "full equitable powers *** appropriate to the determination of all domestic relations matters." An equitable defense can be raised against a statutory remedy, and thus the equitable doctrine of unclean hands can be employed as a defense where appropriate in a divorce or separation action. See *Miller v. Miller* (1993), 92 Ohio App.3d 340, 346-347, 635 N.E.2d 384; *Seitz v. Kozma*, 8th Dist No. 86922, 2006-Ohio-3591.

{¶ 19} The doctrine of unclean hands states the following: "'he who seeks equity must come with clean hands.' 'Equity is based upon what is perceived as just under the circumstances of each case and, when both parties are guilty of injustice, a court of equity will leave them as they are.'" *Patterson v. Blanton* (1996), 109 Ohio App.3d 349, 354, 672 N.E.2d 208. But "the unclean hands doctrine should not be imposed where a party has legal remedies available to address an opposing party's asserted

misconduct." *Safranek v. Safranek*, 8th Dist. No. 80413, 2002-Ohio-5066, ¶20, citing *Miller* at 348-349. In this respect, defendant could have filed a contempt motion against plaintiff. Id. Thus, the unclean hands doctrine could not apply here.

B. *Substantial Compliance*

{¶ 20} Defendant next argues that he substantially complied with the property division provision of the judgment entry of divorce. He asserts that because he paid $75,532.28 of the $97,500 total award, that he should not have been in contempt. It is undisputed that defendant paid $60,000 in one lump sum, as he was required to do under the judgment entry of divorce. But as for the $37,500, the trial court found that defendant only paid $9,812 of it, or only 26 percent of it. Even considering the $60,000 that he paid in a lump sum, that would only make it 71 percent compliance of the total amount. We cannot think of any bank that would accept 71 percent of a loan paid, so plaintiff should not have to either.

C. *Inability to Pay as Defense to Contempt*

{¶ 21} Defendant claims that his inability to pay was a defense to finding him in contempt. Defendant is correct that a person cannot be found to be in contempt of court if it was not within his power to obey the court order. See *Courtney v. Courtney* (1984), 16 Ohio App.3d 329, 475 N.E.2d 1284. The evidence presented at trial, however, established that defendant's income did not substantially decrease until 2007 — well after he should have already paid the property division.

D. *Modification of Child Support as Defense to Contempt*

{¶ 22} Finally, defendant argues that "the most prejudicial result was the fact that the magistrate's decision of May 12, 2009 declined to modify [defendant's] child support obligation — which modification would have and does provide a defense to any alleged contempt action." We disagree.

{¶ 23} In the magistrate's decision dated May 12, 2009, the magistrate denied defendant's motion to modify child support. The trial court granted defendant's objections in part — with respect to defendant's motion to modify child support. After the hearing on remand, the magistrate recommended granting defendant's motion to modify child support in part. But defendant's child support obligation had nothing to do with defendant's obligation to pay plaintiff $37,500 as part of their property division in their judgment entry of divorce, which is why the magistrate found defendant in contempt. Thus, defendant's arguments to the contrary are not well taken.

Statutory Interest

{¶ 24} Defendant also argues that the trial court erred when it ordered him to pay statutory interest "given his substantial compliance with the Trial Court's Orders, and his payment of at least $75,000 of the $97,500." The trial court, however, did not order defendant to pay statutory interest on the amount he already paid. Rather, the trial court

ordered him to pay statutory interest on the amount it determined he had *not* paid —
$20,548.[1]

{¶ 25} R.C. 1343.03(A) states that "when money becomes due and payable upon *** all judgments, decrees, and orders of any judicial tribunal for the payment of money ***, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code." "An order distributing marital assets from one party to another has the force of a money judgment, and the recipient is entitled to interest on any amount due and owing under the order but unpaid." *Woloch v. Foster* (1994), 98 Ohio App.3d 806, 812, 649 N.E.2d 918.

{¶ 26} In *Woloch*, the divorce decree provided that a certain amount of money was to be paid "as soon as possible" to one of the parties as her portion of a marital asset. Id. In *Woloch*, the Second District determined that this amount that was to be paid "as soon as possible" was subject to the then statutory 10 percent interest rate. Id. Moreover, in *Clymer v. Clymer* (Sept. 21, 2000), 10th Dist. No. 99AP-924, the Tenth District clarified that statutory interest is only applicable to divorce decree obligations if

---

[1]This amount should have been $7,120 more, or $27,688. This is because in the decision dated May 12, 2009, the magistrate gave defendant a $7,120 credit toward his obligation he owed on the amount for the property division that was apparently being held by CSEA. But in the magistrate's decision dated March 10, 2010, after the trial court remanded for a hearing on defendant's motion to modify child support, the magistrate found "that defendant's ultimate debt to plaintiff must increase by $7,120" because CSEA was not holding any money, and therefore, defendant should not have received a credit for this amount.

those obligations have been reduced to a lump sum judgment.   See, also, *Rizzen v. Spaman* (1995), 106 Ohio App.3d 95, 111, 665 N.E.2d 283.

{¶ 27} In the instant matter, defendant's obligation was reduced to a lump sum judgment.   Consequently, plaintiff is entitled to the statutory interest.

<u>Attorney Fees</u>

{¶ 28} Defendant further argues that the trial court abused its discretion when it ordered him to pay plaintiff's attorney fees.   He maintains that plaintiff failed to "provide the actual bills/invoices necessary to justify her request for attorney fees."

{¶ 29} An award of attorney fees lies within the sound discretion of the trial court. *Rand v. Rand* (1985), 18 Ohio St.3d 356, 359, 481 N.E.2d 609.   In contempt actions in domestic relations cases, a trial court may award attorney fees in the absence of supporting evidence when the amount of work and time spent on such a case is apparent. *Labriola v. Labriola* (Nov. 5, 2001), 5th Dist. No. 2001 CA00081, citing *Wilder v. Wilder* (Sept. 7, 1995), 10th Dist. No. 94AAPE12-1810.

{¶ 30} Defendant does not challenge plaintiff's attorney's amount of work and time spent in preparing this contempt action and appearing in court.   Instead, defendant challenges the fact that plaintiff presented no documentary evidence to support the requested fees.   But, as noted in the *Wilder* case, such evidence is not required when the amount of work and time spent on the case is apparent.

{¶ 31} Here, plaintiff requested $30,000 in attorney fees for prosecuting her contempt motions — that she first filed nine years before the magistrate's decision. The magistrate determined that $7,000 was reasonable, given that he also recommended (and the trial court adopted and ordered) that defendant pay statutory interest on the amount he still owed plaintiff.   Based upon our review of the record, we do not find the trial court abused its discretion when it awarded appellee attorney fees in the amount of $7,000.   According to the parties' judgment entry of divorce, defendant was supposed to begin paying plaintiff $37,500 in 12 quarterly payments beginning on September 30, 1999 (although the judgment entry of divorce was not final until May 5, 2000).   As of 2009, at the time of the hearing, defendant had only paid $9,812 toward that amount — despite the fact that he earned $80,000 per year — at least up through 2004.   Thus, while this court would have awarded more attorney fees under the outrageous facts of this case, we cannot say that the trial court abused its discretion when it awarded plaintiff $7,000 in attorney fees.

{¶ 32} Accordingly, defendant's second assignment of error is overruled.

Plaintiff's Alleged Contempt

{¶ 33} In his third assignment of error, defendant argues that the trial court erred by failing to find plaintiff in contempt of court.   But defendant fails to separately argue this assignment of error.   Thus, we will not address it.   See App.R. 12(A)(2); App.R. 16(A).

## Child Support Modification

**{¶ 34}** In defendant's fourth, fifth, and sixth assignments of error, he argues that the trial court erred in modifying his child support obligation. We disagree.

**{¶ 35}** When a party files a motion to modify child support, the court must: (1) determine whether there has been a change of circumstances; and (2) if the circumstances have changed, recalculate the child support obligation. *Cheek v. Cheek* (1982), 2 Ohio App.3d 86, 87, 440 N.E.2d 831. A trial court's determinations with regard to modifying child support obligations will not be reversed on appeal absent a showing of an abuse of discretion. *Van Osdell v. Van Osdell*, 12th Dist. No. CA2007-10-123, 2008-Ohio-5843, ¶20. A judgment supported by some competent credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *Leeth v. Leeth*, 12th Dist. No. CA2009-02-024, 2009-Ohio-4260, ¶6.

**{¶ 36}** Defendant argues that the trial court erred when it imputed his income to be $27,169. Although the magistrate indicated in his decision that he found defendant's income to be $27,169, that is not the amount the magistrate used in the child support computation worksheets that were attached to the magistrate's decision. For the 2007 and 2008 worksheets, the magistrate used $19,763 as defendant's income (which was taken exactly from defendant's closing argument), and $27,169 as plaintiff's income. Thus, defendant's argument is without merit.

**{¶ 37}** The evidence in the record reveals that defendant moved to modify his child support obligation on January 20, 2004, when he still earned $80,000 per year (which is what he earned at the time of the parties' divorce). The magistrate found that his income did not substantially decline until January 1, 2007, and recommended that his motion be granted as of that date. The magistrate then calculated defendant's child support obligation for the years 2007 and 2008, taking into account when each child became emancipated (the first in June 2008, and the second in June 2009 — the trial court corrected the magistrate's typographical error of August 2009). The magistrate then determined what defendant actually paid versus what he should have paid as set forth under the new child support computation worksheets and gave him a credit for such amount.

**{¶ 38}** The magistrate calculated that from January 1, 2007 to June 30, 2008, defendant was obligated to pay $207.50 per month (including the 2 percent processing fee) for each child. When the parties' daughter became emancipated, defendant was still obligated to pay $304 per month for their son until he became emancipated the following year. Defendant does not find fault with these numbers, but argues the trial court erred in determining the amount of credit he should receive based on what he had actually paid from 2007 forward. But based on the record before us, we find no error in the magistrate's calculation.

{¶ 39} Defendant also argues that the magistrate exceeded the scope of the remand from the trial court by considering evidence presented by plaintiff regarding expenses she incurred over the years raising the children. We agree the magistrate exceeded the scope of the remand, but did so with respect to allowing plaintiff *and defendant* to present evidence beyond the scope of the remand. Indeed, it was defendant who first offered evidence exceeding the remand (all the exhibits that were originally stricken from defendant's closing argument). The scope of the remand was limited to a calculation of child support from 2007 to the present and the determinations of any credits owed regarding child support. Plaintiff's counsel even objected to the magistrate exceeding the scope of the remand, but was overruled by the magistrate, and only then did plaintiff submit her own evidence.

{¶ 40} Accordingly, we conclude that the trial court did not abuse its discretion when it adopted the magistrate's decision.

### Judicial Bias and Prejudice

{¶ 41} In his final assignment of error, defendant argues that the trial court's order of September 28, 2010 is void ab initio due to bias and prejudice.

{¶ 42} In *In the Matter of the Adoption of C.M.H.,* 4th Dist. No. 07CA23, 2008-Ohio-1694, the court explained that "[j]udicial bias is 'a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as

contradistinguished from an open state of mind which will be governed by law and the facts.' *State ex rel. Pratt v. Weygandt* (1956), 164 Ohio St. 463, 132 N.E.2d 191, paragraph four of the syllabus. See, also, *Cleveland Bar Association v. Cleary* (2001), 93 Ohio St.3d 191, 201, 754 N.E.2d 235."

{¶ 43} As noted in *In the Matter of the Adoption of C.M.H.*, such challenges of judicial prejudice and bias are not properly brought before an appellate court. "Rather, appellant must make such a challenge under the provisions of R.C. 2701.03, which requires an affidavit of prejudice to be filed with the Supreme Court of Ohio." *Baker v. Ohio Dept. of Rehab. & Corr.*, 144 Ohio App.3d 740, 754, 2001-Ohio-2553, 761 N.E.2d 667. Only the chief justice of the Ohio Supreme Court or his designee has the authority to determine a claim that a common pleas court judge is biased or prejudiced. *Beer v. Griffith* (1978), 54 Ohio St.2d 440, 441-442, 377 N.E.2d 775. Courts of appeals lack authority to void the judgment of a trial court on such basis. Id.

{¶ 44} He also claims CSEA's computation is not correct, but offers no support for this argument.

{¶ 45} Accordingly, defendant's seventh assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, A.J., and
KENNETH A. ROCCO, J., CONCUR