[Cite as *Horne v. Horne*, 2016-Ohio-2650.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jean B. Horne, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 15AP-819 |
| v. | : | (C.P.C. No. 07DR-99) |
| John R. Horne, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 21, 2016

**On brief**: *Martin N. Baba,* for appellee. **Argued:** Martin N. Baba.

**On brief**: *Ross A. Gillespie,* for appellant. **Argued:** Ross A. Gillespie.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

TYACK, J.

{¶ 1} John R. Horne is appealing from various orders of the Franklin County Court of Common Pleas, Division of Domestic Relations. He submits three assignments of error for our consideration:

> [I.] THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S OBJECTION TO THE MAGISTRATE'S DECISION IN ATTACHING THE EXECUTOR'S FEE FROM THE MARY COLLEEN HORNE ESTATE.
>
> [II.] THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S OBJECTION [TO] THE MAGISTRATE'S ORDER TO LIQUIDATE THE SUPPORT ARREARAGE AT A RATE OF $3,200 PER MONTH.

[III.] THE TRIAL COURT ABUSED ITS DISCRETION IN CONSIDERING ASSETS IN THE DISCRETIONARY TRUST ESTABLISHED BY DEFENDANT-APPELLANT'S DE-CEASED MOTHER MARY COLLEEN HORNE.

{¶ 2}   John R. and Jean B. Horne were divorced effective June 19, 2009. John was ordered to pay both spousal support and child support. John was also ordered to pay $125,000 to equalize the property division between the parties.

{¶ 3}   John did not fulfill his financial responsibilities and, as a result, was repeatedly found to be in contempt of court.

{¶ 4}   Problems between the parties continued, leading to Jean filing still another motion seeking a contempt finding. Some months later, John responded with a motion asking that his spousal support be lowered. He also asked that Jean be found to be in contempt of court.

{¶ 5}   The motions came on for evidentiary hearings held in July 2014. The magistrate assigned to the case issued a magistrate's decision in March 2015. The magistrate's decision recommends that John's motions be overruled by the assigned judge and that Jean's motion for contempt be sustained. Both parties submitted objections to parts of the magistrate's decision.

{¶ 6}   The trial court overruled the objections to the magistrate's decision and adopted the magistrate's decision, resulting in this appeal.

{¶ 7}   There seems to be no dispute that John owes his ex-wife over $100,000. His failure to pay her as ordered has resulted in his being found to be in contempt of court numerous times.  It has also resulted in his being convicted of felony non-support.

{¶ 8}   The issue before the trial court was how best to collect the money owed. Contempt of court proceedings have apparently had only partial success at best. The felony conviction for non-support has not remedied the situation either. The record before us shows that John has gone to exquisite lengths to avoid fulfilling his obligations to his children who are now adults and to the woman to whom he was married for over 20 years.

{¶ 9}   To the extent the domestic relations court is a court of equity, John has no defense. R.C. 3105.011. His conduct has left him with unclean hands. *Fisher v. Fisher*, 8th

Dist. No. 95821, 2011-Ohio-5251, ¶ 19. We therefore analyze the case before us primarily from the legal perspective, including any statutory aspects.

{¶ 10} John testified during the contempt proceedings that he expected to receive a fee of $25,000 to $30,000 for his work on his mother's estate. The trial court ordered that the fee be used to liquidate some of John's arrearages. John apparently claimed that he was too busy working for his mother's estate to make a good-faith effort to obtain other employment. This is consistent with his many years of living off of his family's wealth rather than becoming gainfully employed to his full potential. The trial court simply ordered that the money John said he was going to receive as executor be used to pay John's marital debts.

{¶ 11} Counsel for John makes several assertions as to why the money he testified that he was to receive for handling his mother's estate should not be applied to his debt to his ex-wife. First, counsel asserts that the fee is for services rendered. Second, counsel seems to assert the estate may be insolvent. Third, counsel argues that the fees are solely under the jurisdiction of the Probate Division of the Franklin County Court of Common Pleas.

{¶ 12} Addressing these assertions individually, the evidence before the domestic relations court clearly indicated that the estate of Mary Colleen Horne was extremely solvent. No evidence indicated that John would not receive a sizeable payment as a result of his administering his mother's estate. The argument of counsel on this issue is totally belied by the evidence.

{¶ 13} Counsel also argues that the order of the domestic relations court is some sort of garnishment in conflict with 15 U.S.C. 1673, The Consumer Credit Protection Act. The order of the domestic relations court is not a garnishment. It is an order directly to John to purge his most recent contempt finding.

{¶ 14} The domestic relations court also had every right to direct that John not waive the fee, thereby forwarding the funds to John's siblings and to a trust administered for John's welfare.

{¶ 15} The fee as an executor may have some correlation to the effort expended by John, but that fact does make the fee immune from use to pay John's huge arrearage.

{¶ 16} As a result of the above, the first assignment of error is overruled.

{¶ 17} The trial court ordered that John pay $3,200 plus processing fees per month toward his arrearages. The second assignment of error argues that the sum John is to pay to liquidate his arrearage is excessive.

{¶ 18} We note initially that all three of John's children have reached healthy adulthood despite John's failure to pay for their support.  Thus, there is no longer child support due as such.  There is ongoing spousal support due to Jean Horne following their marriage of over 20 years.  There is also the massive arrearage John has accrued.

{¶ 19} John's potential income is very hard to ascertain or estimate because he has made little or no attempt to obtain full-time employment.  We acknowledge that John has acquired multiple felony convictions, one as a result of his extended failure to pay court ordered support and one as a result of his being involved in a fraudulent real estate transaction. John's disreputable conduct now makes it hard for him to obtain employment which has pay comparable to what he once earned.

{¶ 20} Until John makes an honest effort to obtain full-time employment instead of making various excuses for his lack of effort, we cannot say that the domestic relations court abused its discretion in its order for John to pay $3,200 per month to liquidate the arrearage.

{¶ 21} The second assignment of error is overruled.

{¶ 22} As to the third assignment of error, the trial court had an obligation to consider John's full economic picture in making its orders. The assets in his late mother's trust which are under the control of his sister are part of the picture. The trial court clearly did not abuse its discretion in considering the whole picture.

{¶ 23} Further, the trial court was aware that John's sister had used trust assets to pay some of John's financial obligations when those payments helped John avoid prison time for his felony convictions.  Again, the assets in the trust were appropriately considered but the trust corpus was not invaded and the trustee was not ordered to do anything.

{¶ 24} The third assignment of error is overruled.

{¶ 25} All three assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

BRUNNER and HORTON, JJ., concur.

_____