TURNER, Appellant,

v.

SHAVERS, Appellee.

[Cite as *Turner v. Shavers* (1994), 96 Ohio App.3d 769.]

Court of Appeals of Ohio,
Franklin County.

No. 94APE03–355.

Decided Sept. 8, 1994.

770

*Butler, Cincione, DiCuccio & Dritz* and *Alphonse P. Cincione,* for appellant.
*E. Scott Shaw; Hanni, Tumbri & Schwaber* and *Don L. Hanni,* for appellee.

---

Tyack, Judge.

Sharon Turner filed a complaint alleging that Earnie Shavers had caused her financial loss as a result of breach of promise and fraud. She also alleged that she was entitled to recover on a theory involving promissory estoppel.

The trial court sustained a motion to dismiss the action pursuant to Civ.R. 12(B)(6). The trial court found that R.C. 2305.29 barred all the claims alleged. The statute reads:

"No person shall be liable in civil damages for any breach of a promise to marry, alienation of affections, or criminal conversation, and no person shall be liable in civil damages for seduction of any person eighteen years of age or older who is not incompetent, as defined in section 2111.01 of the Revised Code."

Turner has pursued a timely appeal, assigning a single error for our consideration:

"The trial court erred in granting appellee's motion to dismiss pursuant to Ohio Civil Rule 12(B)(6)."

We agree with the trial court that the breach of promise theory is expressly barred by R.C. 2305.29. We further agree that promissory estoppel does not apply, since recovery on the underlying "contract" to wed has been barred by R.C. 2305.29. However, we disagree with the trial court's ruling that

recovery on a fraud theory is barred by the statute. We, therefore, reverse the judgment of the trial court.

■■■ Fraud must be pled with specificity. The fraud allegation in Turner's complaint reads, in pertinent part:

"11. Defendant Earnie Shavers came to Columbus, Ohio, on May 2, 1990 to visit plaintiff Sharon Turner.

"12. On May 2, 1990 defendant offered to marry plaintiff.

"13. Plaintiff accepted defendant's offer of marriage on May 2, 1990.

"14. Defendant on May 2, 1990, represented to plaintiff that he fully intended to marry her.

"15. Defendant further wrote to plaintiff on July 18, 1990 stating that he wanted to marry the plaintiff by October 1, 1990.

"16. Plaintiff accepted defendant's offer of marriage in reliance on defendant's representations.

"17. The representations of defendant were false and fraudulent as the defendant has never married the plaintiff.

"18. The representations concerning defendant['s] intentions to marry plaintiff were made with knowledge of their falsity.

"19. Plaintiff sustained compensatory damages in the amount of $109,253 as plaintiff sold real estate and personal property and gave up employment in reliance of defendant['s] promise."

In her brief, Turner claims that she also was damaged by Shavers's use of her telephone to run up almost $2,000 in long distance charges. These additional allegations are not pled with specificity in the complaint, so would need to be included in an amended complaint in order to allow recovery. However, the allegations already contained in the complaint state a claim for relief upon which Turner could recover.

We are aware of the Supreme Court of Ohio's ruling in *Strock v. Pressnell* (1988), 38 Ohio St.3d 207, 527 N.E.2d 1235. The syllabus in *Strock* reads:

"1. R.C. 2305.29, the statute that abolished amatory actions, is constitutional; it does not violate either Sections 2 and 16, Article I of the Ohio Constitution, or the Equal Protection or Due Process Clauses of the Fourteenth Amendment to the United States Constitution.

"2. The torts of alienation of affections and criminal conversation, which were abolished by R.C. 2305.29, are not revived by the recognition of the independent tort of intentional infliction of emotional distress."

The syllabus matches the underlying claim for relief. Strock was seeking to recover for alleged damages to his marriage and to himself which resulted from claimed sexual activity between his now ex-wife and a minister who held himself out as a marriage counselor. The *Strock* case does not involve allegations of fraud by a party who claims to have been a victim of fraud. We do not interpret the *Strock* case as providing immunity to individuals who use a fake promise of marriage to induce others to damage themselves where the "promise" is known to be false at the time that it is uttered.

We do not express an opinion as to whether Turner can recover all the damages she alleges in her complaint. We only rule that R.C. 2305.29 does not bar a claim for fraud merely because the fraudulent misrepresentation involves an intention to marry.

Therefore, we sustain the assignment of error. We reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WHITESIDE, P.J., and BOWMAN, J., concur.