OPINION
{¶ 1} Plaintiff-appellant, Rickey L. Pine, appeals from the decision of the Columbiana County Court of Common Pleas dismissing his complaint against defendant-appellee, Lorie G. Price.
 {¶ 2} This action arose when appellant filed a complaint against appellee on January 11, 2001, alleging fraud, conversion, unjust enrichment and requesting a constructive trust. Appellant sought recovery of property, as well as restitution for funds and labor expended on real estate. Additionally, appellant sought the recovery of personal property allegedly taken by appellee.
 {¶ 3} On April 17, 2001, appellee filed her answer to the complaint, denying all allegations and raising various affirmative defenses, including failure to state a claim upon which relief can be granted. On April 24, 2001, appellee filed a motion to dismiss, alleging appellant could prove no facts entitling him to relief because R.C. 2305.29, the "heart balm" statute, prohibited appellant's claims.
 {¶ 4} On July 30, 2001, the trial court issued its judgment entry, dismissing appellant's complaint stating appellant's pleading was an attempt to circumvent the operation of R.C. 2305.29. Appellant filed his timely notice of appeal on August 28, 2001.
 {¶ 5} Appellant raises one assignment of error, which states:
 {¶ 6} "THE TRIAL COURT ERRED IN DISMISSING THE PLAINTIFF-APPELLANT'S ACTION ON GROUNDS THAT HE FAILED TO STATE A CLAIM FOR RELIEF BECAUSE R.C. 2305.29
(PRECLUDING CLAIMS FOR EMOTIONAL DISTRESS, MENTAL ANGUISH, EMBARRASSMENT, AND HUMILIATION FLOWING FROM BREACH OF PROMISE TO MARRY, ALIENATION OF AFFECTIONS, CRIMINAL CONVERSATION, OR SEDUCTION) DOES NOT BAR CLAIMS SOUNDING IN FRAUD, CONVERSION, UNJUST ENRICHMENT, OR CONSTRUCTIVE TRUST WHERE THE INJURED PARTY SEEKS RECOVERY OF PROPERTY, RESTITUTION, OR ECONOMIC LOSS, BODILY INJURY, OR BREACH OF ANTENUPTIAL AGREEMENT."
 {¶ 7} Appellant argues the trial court erred in dismissing his complaint since he alleged facts that, if believed, entitle him to recovery for fraud, conversion, unjust enrichment and/or constructive trust. He contends these actions are distinct from those amatory actions barred by the heart balm statute. Appellant asserts that amatory actions seek damages for mental and emotional anguish, shock, nervousness and depression. Citing, Strock v. Pressnell (1988), 38 Ohio St.3d 207. He contends that his actions are not simply disguised as actions for alienation of affection, criminal conversation or seduction, but instead seek recovery of economic losses. Appellant cites to Somple v. Livesay
(July 31, 1979), 7th Dist. No. 78-CA-16, for support, where this court held that an action may be brought to recover gifts made after an engagement and in contemplation of marriage because such gifts are conditional gifts that return to the donor if the donee refuses to carry through with the marriage.
 {¶ 8} A trial court may only grant a motion to dismiss for failure to state a claim when it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery."Cleveland Elec. Illuminating Co. v. Public Utilities Comm. (1996),76 Ohio St.3d 521, 524, citing O'Brien v. Univ. Community Tenants Union,Inc. (1975), 42 Ohio St.2d 242, 245. When reviewing a trial court's judgment granting a Civ.R. 12(B)(6) motion to dismiss, an appellate court must independently review the complaint. Malone v. Malone (May 5, 1999), 7th Dist. No. 98-CO-47. The appellate court is not required to defer to the trial court's decision to grant dismissal, but instead considers the motion to dismiss de novo. Harman v. Chance (Nov. 14, 2000), 7th Dist. No. 99-CA-119. We will presume the truth of all factual allegations in the complaint and must make all reasonable inferences in favor of the nonmoving party. York v. Ohio State Highway Patrol (1991),60 Ohio St.3d 143, 144.
 {¶ 9} In his complaint, appellant asserts causes of action for fraud, conversion, unjust enrichment and imposition of a constructive trust. He alleges the following facts to support his causes of action. In 1992, appellee moved into his home. In 1993, the parties were engaged and appellant purchased engagement and wedding rings for appellee in contemplation of their marriage. Appellee postponed the wedding several times. The parties remained engaged and cohabitated together for eight years. During this time, appellant made transactions with appellee involving real estate, funds, labor, credit and personal property, which benefited appellee. Appellant made these transactions under the mistaken belief that the parties would marry and the transactions would benefit the marital relationship. Appellant accepted appellee's representations as true because they were in a close, confidential relationship and were to be married. The transactions included: (1) the purchase of a parcel of real estate that was to be shared equally, which the parties placed only in appellee's name due a concern about avoiding probate; (2) making the monthly payments on the land; (3) moving his trailer to the land and then replacing it with another; (4) improving the land by constructing a driveway, well, septic tank, deck, fence, swimming pool and Jacuzzi; (5) purchasing tools, tractors, vehicles and machinery to construct and maintain the property; (6) permitting appellee to access his personal checking account and use the funds for home improvement; and (7) appellee accessing appellant's checking account without his permission to pay her individual obligations. Appellee ended the parties' relationship in 2000 and ordered appellant to leave the property and never return. Appellee demanded the return of his funds, property and interest in the real estate. Appellee has refused to return the property to appellant or to compensate him and has given away his tools and equipment. Appellant alleges he improved the real estate value to $215,000.00 and the other funds and property exceeded $50,000.00.
 {¶ 10} The trial court found R.C. 2305.29 barred appellant's causes of action. It concluded the proof that would be adduced in this case would flow from the parties' amatory relationship. The court stated that appellant's complaint was a "skillful approach to avoid the operation of the [heart balm] statute."
 {¶ 11} The heart balm statute, R.C. 2305.29, provides:
 {¶ D12} "No person shall be liable in civil damages for any breach of a promise to marry, alienation of affections, or criminal conversation, and no person shall be liable in civil damages for seduction of any person eighteen years of age or older who is not incompetent, as defined in section 2111.01
of the Revised Code."
 {¶ 13} The trial court cited our decision in Snider v. Keenan
(Feb. 11, 1994), 7th Dist. No. 92-J-39, for support. However, the present case is distinguishable from Snider. In Snider, the plaintiff alleged two counts in her complaint. The first count was based on palimony and unjust enrichment for financial losses as a result of a promise to marry. The second count alleged reckless conduct by the defendant in misrepresenting his intentions causing the plaintiff to suffer emotional trauma. We found that there is no recognized cause of action for a breach of a promise to marry and that a claim for intentional infliction of emotional distress may not act as a substitute claim for breach of a promise to marry. In the present case, appellant asserts causes of action solely for financial recovery of losses based on fraud, conversion, unjust enrichment and/or a constructive trust, each of which have been recognized causes of action in spite of the fact that they have involved a promise to marry.
 {¶ 14} Most Ohio courts hold the view that gifts made in contemplation of marriage, typically exemplified by engagement rings, may be recovered by the donor if marriage does not ensue, regardless of which party is at fault regarding the termination of the engagement. Pattersonv. Blanton (1996), 109 Ohio App.3d 349, 352, citing Lyle v. Durham
(1984), 16 Ohio App.3d 1; McIntire v. Raukhorst (1989), 65 Ohio App.3d 728. Additionally, this court held in Somple, 7th Dist. No. 78-CA-16, that other gifts in contemplation of marriage are conditional and that the donor is entitled to the return of those gifts if the condition of marriage is not fulfilled. This view was also adopted by the Eleventh Appellate District in Zsigmond v. Vandemberg (Dec. 29, 1995), 11th Dist. No. 95-P-06. Therefore, provided there are ample facts alleged in appellant's complaint to support his causes of action, his complaint should not be dismissed.
 {¶ 15} In order to determine if the trial court properly dismissed appellant's complaint, we must examine each cause of action separately. Appellant's first cause of action is for fraud. To prove fraud the plaintiff must prove: (1) a representation, or concealment of a fact with a duty to disclose; (2) materiality to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with utter disregard and recklessness as to truth or falsity; (4) intent to mislead another to rely on the representation; (5) justifiable reliance upon the representation; and (6) a resulting injury proximately caused by the reliance. Gaines v. Preterm-Cleveland, Inc. (1987), 33 Ohio St.3d 54, 55. "R.C. 2305.29 does not bar a claim for fraud merely because the fraudulent misrepresentation involves an intention to marry." Turner v.Shavers (1994), 96 Ohio App.3d 769, 772. However, fraud must be pled with specificity. Id. at 771.
{¶ 16} In his complaint appellant alleges: (1) appellee promised appellant he would be entitled to a one-half interest in the real estate; (2) appellee stated it would be best to place the real estate in her name only; (3) appellant purchased a plot of land in reliance on appellee's representations; (4) appellant paid the monthly payments on the property and made improvements to it; (5) on Good Friday 2000, appellee ended the parties' relationship and ordered appellant to leave and never return; (6) appellee refuses to compensate appellant for his interest in the real estate or the improvements to it; (7) appellee made the above representations falsely with knowledge of their falsity, or with utter disregard and recklessness as to truth or falsity; (8) appellee intended to mislead appellant by her representations. These allegations are sufficient, if believed, to support a claim for fraud.
 {¶ 17} Appellant's second cause of action is for conversion. To prove conversion, the plaintiff must prove "the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights." Joyce v. General Motors Corp. (1990), 49 Ohio St.3d 93, 96. In order to have standing to sue for conversion, the plaintiff must enjoy an interest in the personal property allegedly converted. Wells v. Wells, 7th Dist. No. 00-BA-11, 2001-Ohio-3405. At least one other court has held that an action in conversion is proper to recover wedding and engagement rings upon termination of the relationship prior to marriage. See Lyle,16 Ohio App.3d 1.
 {¶ 18} Appellant alleges in his claim for conversion that appellee wrongfully exercised dominion and control over the stated property and converted appellant's interest in land, improvements and funds to her own use. Additionally, he asserts appellee and John Does one, two and three wrongfully exercised dominion and control over his equipment and tools and converted such to their own use and benefit. The allegations in appellant's complaint are sufficient to go forward with a claim for conversion.
 {¶ 19} Appellant's third claim is for unjust enrichment. To prove an unjust enrichment claim, the plaintiff must prove: (1) he conferred a benefit on the defendant; (2) the defendant knew of the benefit; and (3) the defendant retained the benefit under circumstances where it would be unjust for him to retain that benefit without payment. Apostolos Group,Inc. v. Josephson, 9th Dist. No. 20733, 2002-Ohio-753. Several courts have held that the heart balm statute does not bar the recovery for unjust enrichment of property transferred in reliance upon a promise of marriage. Jury v. Ridenour (June 15, 1999, 5th Dist. No. 98 CA 100; Dixonv. Smith (1997), 119 Ohio App.3d 308, 316; Wilson v. Dabo (1983),10 Ohio App.3d 169, paragraph one of the syllabus. The Wilson court explained the reasoning for allowing recovery for unjust enrichment:
 {¶ 20} "[T]he effect of R.C. 2305.29 is that a promise to marry partakes of a contract which is revocable by either party at will. When one party exercises this right to terminate the agreement, he or she should restore the other party to his or her original position with respect to property transferred in contemplation of fulfillment of the promise to marry. Requiring fulfillment of such equitable duty to restore the other party to the preagreement position does not constitute an award of damages for breach of promise to marry but is an order for restitution of property to which the reneging party no longer has a right, having relinquished it by exercising the statutory prerogative to terminate the promise to marry." Wilson, 10 Ohio App.3d at 170-171.
 {¶ 21} In his complaint, appellant alleges appellee was unjustly enriched by retaining the previously named money, property or other benefits, which by law, or in justice and equity, belong to appellant. He also asserts that he has requested the return of the stated items and interests but appellee has refused to compensate him for his interest in the property or to return his personal property. Thus, appellant's complaint supports a claim for unjust enrichment.
 {¶ 22} Appellant's final claim is for a constructive trust. The court may impose a constructive trust when the plaintiff proves a claim of fraud or unjust enrichment. Ferguson v. Owens (1984), 9 Ohio St.3d 223,226. A court may also impose a constructive trust "where it is against the principles of equity that the property be retained by a certain person even though the property was acquired without fraud." Id. Since appellant has potential claims for both fraud and unjust enrichment, it follows that a constructive trust may be available to him as a remedy. If appellant proves his causes of action, the burden is on him to trace the funds to identifiable property, its product or its proceeds. Dixon,10 Ohio App.3d at 320.
 {¶ 23} Accordingly, appellant's assignment of error has merit.
 {¶ 24} For the reasons stated above, the decision of the trial court is reversed and appellant's complaint is reinstated.
Waite, J., concurs.
DeGenaro, J., concurs.