[Cite as *Talkington v. Brown*, 2014-Ohio-779.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| LYNN TALKINGTON, | ) | |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | CASE NO. 13 CO 30 |
| V. | ) | |
| | ) | OPINION |
| DAVID BROWN, | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from Court of Common Pleas of Columbiana County, Ohio Case No. 11CV295

JUDGMENT: Modified

APPEARANCES:
For Plaintiff-Appellant            Attorney Adrian V. Hershey
                                   4110 Sunset Boulevard
                                   Steubenville, Ohio 43952

For Defendant-Appellee             No brief filed


JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: February 26, 2014

[Cite as *Talkington v. Brown*, 2014-Ohio-779.]
DONOFRIO, J.

{¶1}   Plaintiff-appellant, Lynn Talkington, appeals from a Columbiana County Common Pleas Court judgment awarding her a judgment of $18,079.45 against defendant-appellee, David Brown, following a bench trial.

{¶2}   Appellant and appellee met in 2010 and, on December 4 of that year, they became engaged to be married.   In January 2011, the parties were at a motorcycle shop and decided to purchase a motorcycle that they would ride together. Appellant paid for the $36,248.90 Harley Davidson in two payments.   She stated it was a wedding present to her and appellee.   The parties do not dispute that appellant paid for the motorcycle with her own personal funds.

{¶3}   That March, the parties broke up.   Appellant claimed she asked appellee for the motorcycle.   Appellee claimed appellant did not ask him to return the motorcycle.   On April 12, 2011, appellee traded the motorcycle in on his purchase of a Hummer.   He received $33,000.00 for the trade-in towards the purchase of his Hummer.

{¶4}   Appellant filed a complaint against appellee alleging (1) the motorcycle was a gift in contemplation of marriage and (2) unjust enrichment.

{¶5}   The matter proceeded to a bench trial on April 10, 2013.  The trial court heard evidence from the parties and two other witnesses.

{¶6}   The court found that appellant made a conditional gift to appellee of one-half of the motorcycle in contemplation of their anticipated marriage.  Because the condition of marriage was not fulfilled, the court determined appellant was entitled to the return of the gift or its value.  The court also found appellee was unjustly enriched to the extent of one-half of the purchase price of the motorcycle.  It went on to find that if it were to award appellant the full value of the motorcycle, she would be unjustly enriched because she purchased the motorcycle for her and appellee to enjoy together.  Therefore, the trial court entered judgment against appellee in the amount of $18,079.45, one-half of the purchase price of the motorcycle.[1]

---

1 The trial court states that it awarded appellant $18,079.45, one-half of the purchase price of the motorcycle.  However, Plaintiff's Exhibit 4, the bill of sale, clearly states that the purchase price was $36,248.90.  And the trial court cites to Plaintiff's Exhibit 4 in discussing the purchase price. Therefore,

{¶7} Appellant filed a timely notice of appeal on July 1, 2013.

{¶8} Appellee has failed to file a brief in this matter. Therefore, we may consider appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain that action. App.R. 18(C).

{¶9} Appellant raises a single assignment of error that states:

WAS THE COURT'S DECISION TO AWARD APPELLANT ONE HALF OF THE PURCHASE PRICE OF THE MOTORCYCLE SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE?

{¶10} Appellant argues there was no evidence to support the trial court's judgment. She points out that the trial court found that the motorcycle was a gift contingent upon marriage of the parties, that she was to be reimbursed, and that appellee was unjustly enriched. She also points to the evidence that appellee contributed nothing toward the purchase price of the motorcycle and that he traded it in and received a $33,000 trade-in benefit toward his purchase of a Hummer. Given the evidence and the findings, appellant argues the trial court should have awarded her the full amount of the purchase price of the motorcycle ($36,248.90) instead of just half.

{¶11} When reviewing civil appeals from bench trials, an appellate court applies a manifest-weight standard of review. *Revilo Tyluka, L.L.C. v. Simon Roofing & Sheet Metal Corp.*, 193 Ohio App.3d 535, 2011-Ohio-1922, 952 N.E.2d 1181, ¶5 (8 Dist.), citing App .R. 12(C), *Seasons Coal v. Cleveland*, 10 Ohio St.3d 77, 461 N.E.2d 1273 (1984). Judgments supported by some competent, credible evidence going to all the material elements of the case must not be reversed, as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus (1978). See, also, *Gerijo, Inc. v. Fairfield*, 70 Ohio St.3d 223, 226, 638 N.E.2d 533 (1994). Reviewing courts must oblige every

---

one-half of the purchase price is actually $18,124.45. It seems, however, that this was a simple mathematical error by the trial court as its judgment entry states it is granting "one-half the purchase price of the motorcycle." The difference is $45.

reasonable presumption in favor of the lower court's judgment and finding of facts. *Gerijo*, 70 Ohio St.3d at 226 (citing *Seasons Coal Co.*, supra). In the event the evidence is susceptible to more than one interpretation, we must construe it consistently with the lower court's judgment. *Id.* In addition, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts. *Kalain v. Smith*, 25 Ohio St.3d 157, 162, 495 N.E.2d 572 (1986). "A finding of an error of law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." *Seasons Coal*, 10 Ohio St.3d at 81.

**{¶12}** At trial, appellant testified that she and appellee were engaged in December 2010. (Tr. 9). At that time, appellee was collecting unemployment and was receiving approximately $600 every few weeks. (Tr. 10-11). She stated that she and appellee had a joint bank account. (Tr. 12). She also maintained her own separate bank account. (Exs. 1, 2). Appellant testified that in January, she and appellee went to a motorcycle shop and decided to buy a motorcycle. (Tr. 12-13). She stated they both loved motorcycles. (Tr. 13). Appellant testified she told appellee she would buy one for them to share as a wedding present. (Tr. 13, 22-23). Appellant paid $15,000 by check from her personal bank account to McMahon's (the motorcycle shop) that day as a deposit on the $36,248.90 Harley Davidson. (Tr. 14, 19, Ex. 1). A few weeks later, appellant made out another check from her personal account in the amount of $25,000 payable to cash. (Tr. 15, Ex. 2). In the memo section she wrote "bike." (Ex. 2). This money she deposited into her and appellee's joint account. (Tr. 15). The parties then wrote a check to pay for the balance on the motorcycle. (Tr. 15). Appellant submitted copies of the account records for the joint bank account that demonstrated the only money appellee put into the account was his $600 from unemployment compensation. (Tr. 16-17, Ex. 3).

**{¶13}** Appellant testified that she thought the motorcycle was going to be titled in both her and appellee's names. (Tr. 19, 20). But when the parties left McMahon's she saw that the title only had appellee's name on it. (Tr. 19). Appellant testified she was upset about this and appellee told her not to worry about it. (Tr. 19).

{¶14} Appellant further testified that after a fight while returning from a vacation in March 2011, she broke off the engagement. (Tr. 21, 23). She stated she moved out of appellee's house in April. (Tr. 23). Appellant stated that when she was packing up her things at appellee's house, she asked him for the motorcycle and he refused. (Tr. 24).

{¶15} Appellant later learned that appellee traded the motorcycle in towards the purchase of a Hummer on April 12, 2011. (Tr. 26, Ex. 6). Appellee received $33,000 on the trade-in towards the purchase of his new vehicle. (Tr. 27).

{¶16} Johnna Abdalla was appellee's daughter-in-law during the time the parties purchased the motorcycle. Abdalla testified that from spending time with the parties, she learned they bought the motorcycle for them to enjoy together as a wedding present. (Tr. 45-46). She stated this was common knowledge in the family. (Tr. 46-47).

{¶17} Melissa Orr is appellee's brother. She testified it was her understanding that the parties purchased the motorcycle to ride together because they were going to get married. (Tr. 53).

{¶18} Appellee testified he and appellant never had any discussions regarding the motorcycle about what would happen if they did not get married. (Tr. 67). He also stated that appellant did not put any conditions on her buying the motorcycle. (Tr. 68). Appellee acknowledged that appellant paid for the motorcycle. (Tr. 74). And he did not see any reason to put her name on the title. (Tr. 74).

{¶19} Many Ohio courts hold the view that gifts made in contemplation of marriage, typically exemplified by engagement rings, may be recovered by the donor if marriage does not ensue, regardless of which party is at fault regarding the termination of the engagement. *Patterson v. Blanton*, 109 Ohio App.3d 349, 352, 672 N.E.2d 208 (10th Dist.1996), citing *Lyle v. Durham*, 16 Ohio App.3d 1, 473 N.E.2d 1216 (1st Dist.1984); *McIntire v. Raukhorst*, 65 Ohio App.3d 728, 585 N.E.2d 456 (9th Dist.1989). Additionally, this court held in *Somple v. Livesay*, 7th Dist. No. 78-CA-16 (July 31, 1979), that other gifts in contemplation of marriage are conditional

and that the donor is entitled to the return of those gifts if the condition of marriage is not fulfilled. This view was also adopted by the Eleventh Appellate District in *Zsigmond v. Vandemberg,* 11th Dist. No. 95-P-06 (Dec. 29, 1995).

{¶20} Based on the evidence, the trial court found appellant made a conditional gift to appellee of one-half of the motorcycle. It stated that gift was conditioned on and was in contemplation of their anticipated marriage. The court found that appellant was, therefore, entitled to the return of the gift or its value because the condition of the marriage was not fulfilled. In making these findings, the trial court relied on numerous facts including that the parties purchased the motorcycle during the engagement period, the parties were going to ride the motorcycle together, appellant told appellee's family members that the motorcycle was a wedding gift, and appellant was upset when she learned her name was not on the title.

{¶21} Competent, credible evidence supports the trial court's findings on this point. There is ample evidence as set out above to support each of the trial court's findings.

{¶22} A problem exists, however, with the court's conclusion. After making the findings that it did, the trial court went on to award appellant a judgment in the amount of one-half of the purchase price of the motorcycle. This judgment is inconsistent with the trial court's detailed findings and analysis.

{¶23} The trial court specifically found that appellant made a conditional gift to appellee "of one-half of the Harley Davidson motorcycle." If appellant gifted one-half of the motorcycle to appellee, then appellant necessarily owned the other one-half of the motorcycle. This is where the problem arises.

{¶24} The trial court found that appellant was entitled to the return "of the gift or its value because the condition of marriage was not fulfilled." Thus, appellant was entitled to the return of appellee's one-half of the motorcycle or its value. But the question arises as to what then became of appellant's one-half interest in the motorcycle. Presumably, if appellee had not traded in the motorcycle, the court

would have simply awarded appellant the motorcycle (appellant's one-half of the motorcycle + appellee's one-half of the motorcycle). But appellee traded the motorcycle in on his new vehicle. Thus, appellee used the whole value of the motorcycle, the one-half that appellant conditionally gifted to him and appellant's one-half.

**{¶25}** Therefore, while the trial court's findings are supported by the evidence, its judgment is not. The trial court erred in not awarding appellant the full value of the motorcycle.

**{¶26}** Accordingly, appellant's assignment of error has merit.

**{¶27}** For the reasons stated above, the trial court's judgment is modified to reflect that appellant is entitled to a judgment against appellee for the full purchase price of the motorcycle or $36,248.90.

Waite, J., concurs.

DeGenaro, P.J., concurs.