[Cite as *Simoudis v. Frenchko*, 2014-Ohio-5475.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| JOHN SIMOUDIS, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2014-T-0065 |
| NIKI FRENCHKO, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Warren Municipal Court, Case No. 2012 CVF 01219.

Judgment: Modified and affirmed as modified.

*John Simoudis,* pro se, 1525 Edgewood Street, N.E., Warren, OH 44483 (Appellee).

*Michael D. Rossi,* Guarnieri & Secrest, P.L.L., 151 East Market Street, P.O. Box 4270, Warren, OH 44482 (For Defendant-Appellant).


CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Niki Fenchko, appeals from the judgment of the Warren Municipal Court, granting appellee, John Simoudis, $7,815.80 in damages as a result of appellant's conversion of appellee's property. For the reasons discussed in this opinion, we modify the trial court's judgment and affirm the same as modified.

{¶2} The parties had an on-again, off-again relationship. Over the course of the relationship, they were betrothed to one another twice. Each time, however, the

engagement was broken. After the first engagement was broken, appellant returned an engagement ring to appellee without incident. The couple later reconciled.

{¶3} In August 2011, appellee purchased a cherry bedroom suite at an auction. The bedroom suite was moved into appellant's home because the couple planned to live together and be married within one year. Next, in December 2011, appellee gave appellant another ring. Appellee claimed the ring was another engagement ring given in anticipation of a future wedding. Appellant, alternatively, asserted the ring was merely a gift which was not specifically tied to the parties' marital plans.

{¶4} Early in 2012, the parties again broke up. Appellee requested the ring back, but appellant refused. Appellant later gave away the bedroom suite. On May 30, 2012, appellee filed a complaint for wrongful conversion of property. Appellee sought reimbursement for a plane ticket appellant allegedly converted; the ring; the bedroom set; a mattress; a freezer; and for damages appellant allegedly caused to his vehicle. In total, appellant sought $14,500 in compensatory damages.

{¶5} After a trial to the bench, the magistrate determined the ring was not an unconditional gift; but given in contemplation of marriage and thus conditional. The magistrate further found the cherry bedroom suite was also purchased with the intention of combining households. The magistrate consequently determined appellee was entitled to have these items returned or be reimbursed for the same. The magistrate also concluded appellant caused damage to appellee's vehicle and thus was required to reimburse him for the estimated repairs.

**{¶6}** The magistrate also found appellee failed to sustain his burden of proof on the airline ticket and the freezer. And further found the mattress did not belong to appellee and thus he could not sustain a conversion claim on this item.

**{¶7}** The magistrate determined the value of the ring to be $5,500; the value of the bedroom suite to be $2,318.80; and the amount to repair the damage to the vehicle to be $666.69. Accordingly, the magistrate concluded appellee was entitled to a total damage award of $8,485.49.

**{¶8}** Appellant objected to the magistrate's decision and, after independently reviewing the record, the trial court sustained appellant's objection regarding the amount to repair damage to appellee's vehicle. The remaining objections were overruled. The trial court consequently reduced the damage award by $669.69 and entered judgment in appellee's favor for $7,815.80.

**{¶9}** Appellant now appeals and assigns the following error:

**{¶10}** "The trial court erred in denying Objections Nos. (1) and (3) of Defendant's Objections to Magistrate's Decision."

**{¶11}** Appellant's Objection No. (1) asserted: "The $5,500.00 ring at issue was not an 'engagement' ring to which 'conditional gift' analysis applies." Objection No. (3) alleged: "The value of the cherry furniture was $2,000.00, not $2,318.80, which latter figure contained personal property items that are not in issue." We shall first address appellant's argument relating to Objection No. (1).

**{¶12}** Appellant argues the trial court erred when it concluded the ring was an engagement ring, rather than an unconditional gift. When reviewing a civil appeal from a bench trial, an appellate court utilizes a manifest-weight standard of review. *See*

3

*Revilo Tyluka, L.L.C. v. Simon Roffing & Sheet Metal Corp.*, 193 Ohio App.3d 535, 2011-Ohio-1922, ¶5 (8th Dist.) Under this standard, judgments that are supported by some competent, credible evidence, going to all material elements of the case, will not be reversed. *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978), syllabus. An appellate court must indulge every reasonable presumption in favor of the lower court's findings of fact and ultimate judgment. *Gerijo, Inc. v. Fairfield*, 70 Ohio St.3d 223, 226 (1994). Where the evidence is susceptible to more than one reasonable interpretation, a reviewing court shall construe it consistent with the trial court's decision. *Id.* A determination that a trial court committed an error of law is a legitimate ground for reversal, but a difference of opinion on witness and evidential credibility is not. *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 81 (1984).

{¶13} In this matter, the trial court adopted the magistrate's conclusion that the ring was given to appellant in contemplation of marriage. This court, and other appellate courts of this state, have held that gifts, usually exemplified by engagement rings, are conditional and the donor is entitled to the return of those gifts if the condition of marriage is abrogated. *Zsigmond v. Vandembert*, 11th Dist. Portage No. 950P-06, 1995 Ohio App. LEXIS 5855, *4 (Dec. 29, 1995); *Talkington v.* Brown, 7th Dist. Columbiana No. 13 CO 30, 2014-Ohio-779, ¶19; *Patterson v. Blanton*, 109 Ohio App.3d 349, 352 (10th Dist.1996); *McIntire v. Raukhorst*, 65 Ohio App.3d 728 (9th Dist.1989); *Lyle v. Durham*, 16 Ohio App.3d 1 (1st Dist.1984).

{¶14} The evidence in this case was conflicting. Appellant testified the ring was an unconditional gift given to her near Christmas 2011. Appellee, however, vehemently disagreed, testifying the ring was not a gift, but an engagement ring. Both appellant and

4

appellee agreed that they intended to get married, and potentially elope, prior to their most recent break up. With this in mind, and despite the conflict in testimony, we cannot conclude the trial court's position, that the ring was a conditional gift in contemplation of marriage, was against the manifest weight of the evidence. The trial court did not err in overruling Objection No. (1) and adopting the magistrate's decision on this issue.

{¶15} Regarding appellant's Objection No. (3), the trial court adopted the magistrate's decision that appellee was entitled to $2,318.80, the purported value of the converted bedroom suite. We conclude the trial court committed error when it overruled this objection.

{¶16} At trial, appellee submitted Plaintiff's Exhibit 3, a credit card statement showing he paid $2,318.80 for items purchased at an auction. Appellee represented this was the value of the bedroom suite. On cross-examination, however, appellee conceded that he purchased additional items at the auction. As a result, the amount on the statement reflected the purchase price of all items, not merely the bedroom suite. When asked how much he paid for the bedroom suite, by itself, appellant repeatedly testified "I don't know." Appellee, therefore, failed to submit evidence of the actual value of the bedroom suite.

{¶17} Under Objection No. (3), appellant asserted the bedroom suite was worth $2,000, not $2,318.80. By way of relief, she proposed the trial court reexamine the evidence relating to the bedroom suite. Given appellant's testimony that he lacked knowledge of the actual value of the suite, and appellee's post-trial judicial admission that the suite was actually worth $2,000, the trial court erred by adopting the

5

magistrate's decision that the suite was worth $2,318.80. *See State v. Pipkins,* 2d Dist. Montgomery No. CA 15060, 1996 Ohio App. LEXIS 366, *14-*15 (Feb. 9, 1996), citing 43 Ohio Jurisprudence 3d (1983), Evidence and Witnesses, Sections 301 and 320 (noting that a judicial admission is an admission of fact made by an attorney in a motion or other paper filed by counsel and represent competent evidence against his or her client in the same cause.)  This error, however, can be corrected by a modification of the trial court's judgment.  Instead of damages in the amount of $7,815.80, appellee is entitled to damages in the amount of $7,497:  $7,815.80 minus $318.80. The trial court's judgment is accordingly modified and affirmed as modified.

{¶18}  To the extent discussed above, appellant's sole assignment of error has partial merit.  The judgment of the Warren Municipal Court is therefore modified and affirmed as modified.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.